IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MATTHEW WRIGHT,** | : |
| **Plaintiff,** | : |
| vs. | : Civil Action No. _____ |
| **TYLER TECHNOLOGIES, INC.,** | : |
| **Defendant.** | : Jury Trial Demanded |

---

## COMPLAINT

### Introduction

1.

In this FLSA overtime action, Plaintiff Matthew Wright ("Wright") alleges that he was misclassified as exempt from the FLSA's maximum hour provisions by his former employer, Defendant Tyler Technologies, Inc. ("Tyler Technologies") and as a result was not paid the legally required overtime premium in workweeks in which he worked more than 40 hours.

**Jurisdiction and Venue**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U. S.C. § 1331, because this case arises under the FLSA, a federal statute.

3.

Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Tyler Technologies resides within this judicial district and division and is subject to this Court's personal jurisdiction.

**The Parties**

4.

Wright is a natural person who resides in Washington County, Arkansas.

5.

Tyler Technologies is a foreign corporation organized under the laws of the State of Delaware and registered to do business in the State of Georgia.

6.

Tyler Technologies is subject to the personal jurisdiction of this Court.

7.

Tyler Technologies may be served with process through its registered agent, Capitol Corporate Services, Inc., at 3675 Crestwood Parkway, Suite 350, Duluth, GA 30096.

**Employment Relationship**

8.

Wright was employed by Tyler Technologies as an implementation consultant from approximately December 2016 through August 2018.

9.

At all times relevant to this action, either Tyler Technologies was Wright's "employer" within the meaning of 29 U.S.C. § 203(d).

**Non-Exempt Employee**

10.

At all relevant times, Wright's primary duties included training customers on the use of ExecuTime time-tracking software and providing customers with post-training support relating to the use of ExecuTime software.

11.

At all relevant times, Wright's primary duties did not include the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications.

12.

At all relevant times, Wright's primary duties did not include the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

13.

At all relevant times, Wright's primary duties did not include the design, documentation, testing, creation, or modification of computer programs related to machine operating systems.

14.

At all relevant times, Wright's primary duties did not include a combination of duties described in the three preceding paragraphs, and requiring the same level of skills.

15.

At all relevant times, Wright did not have the primary duty of managing the enterprise in which he was employed or a customarily recognized department or subdivision thereof.

16.

At all relevant times, Wright did not customarily and regularly direct the work of two or more other employees.

17.

At all relevant times, Wright did not have the authority to hire or fire other employees and his suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

18.

At all relevant times, Wright did not have authority to formulate, affect, interpret, or implement management policies or operating practices of his employer or his employer's customers.

19.

At all relevant times, Wright's primary duties did not include carrying out major assignments in conducting the operations of the business of his employer or his employer's customers.

20.

At all relevant times, Wright's primary duties did not include work that affected the business operations of his employer or his employer's customers to a substantial degree.

21.

At all relevant times, Wright did not have authority to commit his employer or his employer's customers in matters that have significant financial impact.

22.

At all relevant times, Wright did not have authority to waive or deviate from established policies and procedures without prior approval.

23.

At all relevant times, Wright did not have authority to negotiate and bind his employer or his employer's customers on significant matters.

24.

At all relevant times, Wright did not have a primary duty of providing consultation or expert advice to the management of his employer or his employer's customers.

25.

At all relevant times, Wright was not involved in planning the long- or short-term business objectives of his employer or his employer's customers.

26.

At all relevant times, Wright did not investigate and resolves matters of significance on behalf of the management of his employer or his employer's customers.

27.

At all relevant times, Wright did not represent the company in handling complaints, arbitrating disputes or resolving grievances.

28.

At all relevant times, Wright did not have the authority to make independent choices, free from immediate direction or supervision.

29.

At all relevant times, Wright's primary duties consisted of applying well-established techniques, procedures. or specific standards described in manuals or other sources.

30.

Throughout the Relevant Time Period, Wright did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of his employer or his employer's customers.

31.

Throughout the Relevant Time Period, Wright did not have a primary duty that included the exercise of discretion and independent judgment with respect to matters of significance.

32.

Throughout the Relevant Time Period, Wright was not employed in a bona fide professional capacity within the meaning of 29 USC § 213(a)(1).

33.

At all relevant times, Wright was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a)(1).

34.

At all relevant times, Wright was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a)(1).

35.

At all relevant times, Wright was not employed as a "computer professional" within the meaning of 29 USC § 213(a)(17).

36.

At all times during the Relevant Time Period, Wright was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

**Failure to Pay Overtime**

37.

At all relevant times, Wright was compensated on a salary basis.

38.

At all relevant times, Wright regularly worked in excess of 40 hours per seven-day workweek.

39.

At all relevant times, Wright was not compensated at one-and-one-half times his regular hourly rate for all hours worked in excess of forty hours per workweek.

**Willfulness and Lack of Good Faith**

40.

Tyler Technologies knew or should have known that the FLSA applied to Wright and that he was not subject to any exemption from the maximum hour provisions of the FLSA.

41.

In failing or refusing to compensate Wright overtime wages as required by the FLSA, Tyler Technologies did not rely on any letter ruling from the Department of Labor indicating that Wright was subject to any exemption from the overtime pay provisions of the FLSA.

42.

In failing or refusing to compensate Wright overtime wages as required by the FLSA, Tyler Technologies did not rely in good faith on any legal advice indicating that such practice was permissible.

43.

Tyler Technologies' failure to compensate Wright at one-and-one-half times his regular hourly rate for each hour worked in excess of 40 hours in each workweek was "willful" within the meaning of 29 U.S.C. § 255.

44.

Tyler Technologies' failure to compensate Wright at one-and-one-half times his regular hourly rate for each hour worked in excess of 40 hours in each workweek was not done in "good faith" within the meaning of 29 U.S.C. § 259.

45.

Tyler Technologies' failure to compensate Wright at one-and-one-half times his regular hourly rate for each hour worked in excess of 40 hours in each workweek was not done in "good faith" within the meaning of 29 U.S.C. § 260.

**Count I - Failure to Pay Overtime Pursuant to 29 U.S.C. §§ 207 and 215(a)(2)**

46.

At all relevant times, Wright was an employee covered by the FLSA and entitled to the maximum hour protections set forth in 29 U.S.C. § 207(a).

47.

Throughout his employment by Tyler Technologies, Wright regularly worked in excess of 40 hours per workweek.

48.

Throughout his employment by Tyler Technologies, the company failed to compensate Wright for each hour worked in excess of 40 hours per workweek.

49.

Wright is entitled to recover from Tyler Technologies all his unpaid overtime wages that he earned but that were not paid within the three years prior to the execution by the Parties of a tolling agreement as of January 15, 2020.

50.

Wright is entitled to recover from Tyler Technologies liquidated damages in an amount equal to his unpaid overtime wages, in accordance 29 U.S.C. § 216(b).

51.

Wright is entitled to recover from Tyler Technologies his litigation costs, including his reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff Wright respectfully prays that this Court:

1. Take jurisdiction of this matter;
2. Issue a judgment declaring that Wright was covered by the FLSA and were therefore entitled to be paid an overtime premium for each hour worked in excess of 40 in each workweek;
3. Issue a judgment declaring that Tyler Technologies failed to comply with the maximum hour provisions of the FLSA;

4. Award Wright his due but unpaid overtime compensation calculated at one-and-one-half times his regular hourly rate, plus an equal amount in liquidated damages from three years prior to the filing of this complaint;

5. Award Wright prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

6. Award Wright nominal damages

7. Award Wright his costs of litigation, including reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b);

8. Grant a trial by jury as to all matters properly triable to a jury; and

9. Grant such other and further relief as the Court deems necessary, just and proper.

This 24th day of February 2020,

                                              Respectfully submitted,

                                              **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

                                              */s/ Matthew W. Herrington*

101 Marietta Street                     Mitchell D. Benjamin
Suite 2650                               Ga. Bar No. 049888
Atlanta, Georgia 30303            Matthew W. Herrington
(404) 979-3150                        Georgia Bar No. 275411
(404) 979-3170 (f)
benjamin@dcbflegal.com           Counsel for Plaintiff
matthew.herrington@dcbflegal.com