## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MATTHEW WRIGHT,** | |
| **Plaintiff,** | |
| **vs.** | **No. 1:20-cv-836-AT** |
| **TYLER TECHNOLOGIES, INC.,** | |
| **Defendant.** | |

## TYLER TECHNOLOGIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Tyler Technologies, Inc. ("Tyler") moves to dismiss Plaintiff Matthew Wright's ("Plaintiff's") Complaint, ECF 1, for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406.  In the alternative, in the event the Court believes venue is proper in the Northern District of Georgia, Tyler requests that the Court transfer this matter to the United States District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a), *forum non conveniens*.

### I.    INTRODUCTION

Plaintiff does not currently reside in Georgia and did not reside in Georgia at any time during his employment for Tyler.  During the entirety of Plaintiff's employment with Tyler, he never visited Georgia to perform work for Tyler.  The

only connection between Plaintiff and his overtime lawsuit against Tyler and the Northern District of Georgia is the fact that his attorney is located in Atlanta.  The location of Plaintiff's counsel, however, does not create venue or overcome Plaintiff's inability to meet the required elements of proper venue under 28 U.S.C. § 1391.

## II.   BACKGROUND

### A.   Factual Background

Tyler is incorporated in Delaware and provides integrated software and technology services to the public sector—e.g., states, cities, counties, and school districts.[1]  Tyler's clients are located nationwide and Tyler's headquarters and principal place of business is in Plano, Texas.[2]  In June 2016, Tyler acquired ExecuTime—a time keeping, attendance and scheduling software company based in Little Rock, Arkansas.[3] After the acquisition, ExecuTime became a business unit of Tyler's.

Plaintiff worked as an Implementation Consultant in the ExecuTime business unit from December 6, 2016 until August 15, 2018 when he resigned his

---

[1] Exhibit A, Savard Decl. at ¶ 2.
[2] Savard Decl.  at ¶ 3.  Tyler is incorporated in the state of Delaware.  Savard Decl. at ¶ 2.
[3] Savard Decl. at ¶ 8.

employment.[4]   As an Implementation Consultant in ExecuTime's Services Department, Plaintiff helped Tyler's clients set up the ExecuTime software for use by the client's employees.[5]   Specifically, Plaintiff worked with Tyler's clients to upgrade their ExecuTime software, including conducting training on the upgrades and helping troubleshoot any issues resulting from the software upgrade.[6]

During Plaintiff's employment with Tyler, he did not travel to Georgia to perform any of his job duties.[7]   Plaintiff primarily performed his job duties from his home in Fayetteville, Arkansas.[8]   After being hired, Plaintiff's onboarding and training on the ExecuTime software occurred at Tyler's Little Rock, Arkansas office.[9]   Plaintiff also attended an annual meeting for ExecuTime Implementation Consultants in the Little Rock office.[10]

From December to August 2017, Plaintiff's direct manager worked in Tyler's office in Little Rock, Arkansas.[11]   From July 2017 through August 2018, Plaintiff's

---

[4] Exhibit B, Pasch Decl. at ¶ 2.
[5] Pasch Decl. at ¶ 3.
[6] Pasch Decl. at ¶ 4.
[7] Pasch Decl. at ¶ 5.
[8] Pasch Decl. at ¶ 6.
[9] Pasch Decl. at ¶ 7.
[10] Pasch Decl. at ¶ 8.
[11] Pasch Decl. at ¶ 9.

direct manager resided in North Carolina and worked remotely.[12]   Other than
Plaintiff, one other individual, a Project Manager, worked in the ExecuTime
Services Department.[13]  That individual also resided in Arkansas.[14]  Tyler processed
Plaintiff's payroll out of its office in Maine.[15]

During his entire employment with Tyler, Plaintiff performed limited **remote**
work—i.e., from his home—for two Tyler clients located in Newnan, Georgia and
Thomasville, Georgia[16] that consisted of approximately 3 hours and 13 hours,
respectively.[17]   Such work represents approximately 0.47% of Plaintiff's overall

---

[12] Pasch Decl.  at ¶ 10. The next level supervisor for Plaintiff, the Executive Director
for ExecuTime, also worked in Tyler's office in Little Rock, Arkansas.

[13] Pasch Decl. at ¶ 12.  Five Tyler employees in ExecuTime's Advanced Scheduling
Department, a different department than the Services Department where Plaintiff
worked, work remotely from Georgia.  *Id.* The majority of the ExecuTime
employees are located outside of Georgia, primarily in Arkansas. *Id.*

[14] Pasch Decl. at ¶ 11.

[15] Pasch Decl. at ¶ 13.  During Plaintiff's employment, Human Resources for the
ExecuTime business unit resided in Tyler's office in Latham, New York.  *Id.*

[16] Pasch Decl. at ¶ 14.  Thomasville, Georgia is located in the U.S. District Court for
the Middle District of Georgia.

[17] Pasch Decl. at ¶ 14. Tyler maintains two offices in Georgia—an Energov business
unit office in Duluth, Georgia (Gwinnett County) and a Micropact business unit
office in Newman, Georgia (Coweta County).  Savard Decl. at ¶¶ 4, 7.  The
Micropact and Energov business units are entirely separate lines of business than
ExecuTime.  Savard Decl. at ¶¶ 5, 7.

work for Tyler.[18]  Plaintiff performed the remainder of his work for Tyler clients spread across the United States.[19]

### B.    **Procedural Background**

On February 24, 2020, Plaintiff filed his lawsuit alleging Tyler misclassified Plaintiff as an exempt employee and failed to pay him overtime under the Fair Labor Standards Act ("FLSA").[20]  In support of venue, Plaintiff generally asserts "venue properly lies in the Northern District of Georgia because Tyler Technologies resides within this judicial district and division and is subject to this Court's personal jurisdiction."[21]  In support of personal jurisdiction, Plaintiff simply states "Tyler Technologies is subject to the personal jurisdiction of this Court."[22]

### III.   **ARGUMENT**

### A.    **Dismissal Under Rule 12(b)(3)**

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action based on improper venue.  FED. R. CIV. P. 12(b)(3).[23]

---

[18] Plaintiff worked for Tyler for approximately 424 days.  Assuming 8 hours a day, Plaintiff worked 3,392 hours.

[19] Pasch Decl. at ¶ 15.

[20] *See gen.* ECF 1.

[21] ECF 1 at ¶ 3.

[22] ECF 1 at ¶ 6.

[23] Similarly, under Section 1406(a), if a court determines venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

When considering a motion to dismiss under Rule 12(b)(3), courts are not limited to pleadings, and may consider facts presented by the defendant in affidavits.  *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010).

**B.    Venue Is Not Proper in the Northern District of Georgia Under 28 U.S.C. § 1391**

Under Section 1391(b), venue is proper: (1) where the defendant resides; or (2) in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b)(1)-(2).[24]  Venue is improper in the Northern District of Georgia because Tyler does not reside in the district for venue purposes and a substantial part of the events or omissions giving rise to Plaintiff's FLSA claim did not occur in the district.

---

[24] In the event there is no district in which an action may otherwise be brought as provided in § 1391(b), any judicial district in which a defendant is subject to the court's personal jurisdiction with respect to such action will be a proper venue.  28 U.S.C. § 1391(b)(1)-(2).  As discussed *infra*, venue would be proper in the Eastern District of Arkansas.

     1.    <u>Plaintiff Cannot Establish Tyler Resides and Is Subject to</u>
<u>Personal Jurisdiction in the Northern District of Georgia</u>

For venue purposes, a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).[25]   Plaintiff cannot establish venue is proper because Tyler is not subject to personal jurisdiction—either on a general or specific basis—in the Northern District of Georgia.

     a.    *Plaintiff Cannot Establish General Jurisdiction*

A corporate defendant is at "home" and subject to general jurisdiction where it is incorporated and where its principal place of business is located.  *BNSF Ry. Co. v. Tyrell*, 137 S.Ct. 1549, 1558 (2017).  Only in an "exceptional case" may a court exercise general jurisdiction over a foreign corporation when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Id.* (quoting *Daimler AG v. Bauman*, 134 S.Ct. at 746, 754 (2014)).  Merely having employees in the forum state and registering to do business in the forum state are insufficient facts to support general jurisdiction.  *See Bryant v.*

---

[25] In states with multiple judicial districts, whether a corporate defendant resides in a judicial district is determined by the contacts in the district as if "that district were a separate State."  *Id.* § 1391(d).  Here, Plaintiff's work in the Northern District of Georgia is limited to 3 hours of **remote** work for a Tyler client based in Newnan, Georgia.  Plaintiff's only other work in Georgia—13 hours of **remote** work for a Tyler client based in Thomasville, Georgia—would be in the Middle District of Georgia.

*Hasbro, Inc.*, No. 8:18-cv-1336-T-36CPT, 2019 WL 2211053, at *3 (M.D. Fla. May 22, 2019).

Tyler is not at "home" in Georgia because it is incorporated in Delaware and its principal place of business is located in Plano, Texas.  In addition, Plaintiff has not (and cannot) allege sufficient facts to meet the onerous burden of establishing that Tyler's contacts with Georgia are so continuous and systematic that it should nevertheless be subject to general jurisdiction in Georgia.  Tyler maintains just two offices in Georgia.[26]  In contrast, the majority of Tyler's ExecuTime business unit employees reside and/or work outside of Georgia.[27]  Moreover, Tyler conducts business nationwide; its clients are not concentrated in Georgia.[28]  As such, Tyler is not "essentially at home" in Georgia, and therefore is not subject to general jurisdiction. *See Tyrell*, 137 S.Ct. at 1558; *Hasbro*, 2019 WL 2211053, at *3.

      b.    *Plaintiff Cannot Establish Specific Jurisdiction*[29]

To establish specific jurisdiction, a plaintiff must satisfy a "minimum contacts" analysis which poses two inquiries: (1) do the plaintiff's claims arise out

---

[26] Savard Decl. at ¶¶ 4, 7.

[27] Savard Decl. at ¶ 5.

[28] Pasch Decl. at ¶ 15.

[29] Tyler is a defendant in another FLSA lawsuit before this Court.  *See Greene v. Tyler Technologies, Inc.*, No. 1:19-cv-01338-AT (N.D. Ga. filed Mar. 26, 2019).  In *Greene*, Tyler did not contest venue because the plaintiff is a resident of Henry County, Georgia and performed the majority of her work for Tyler from her

of or relate to the defendant's contacts with the forum; and (2) did the defendant purposefully avail himself of the privilege of conducting activities within the forum.[30]  *Rowe v. Gary, Williams, Parteni, Watson, & Gary, P.L.L.C.*, 723 F. App'x 871, 875 (11th Cir. 2018).  To satisfy his burden, the plaintiff must establish a nexus between the defendant's contacts and activities in the forum state and the plaintiff's legal claims.  *Id*.

If the plaintiff satisfies the first two inquiries, a defendant may still defeat specific jurisdiction by establishing that the exercise of personal jurisdiction would not comport with the traditional notions of fair play and justice.  *Id.*  When evaluating the fair play and substantial justice standard, courts analyze: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the shared interest of states in furthering substantive social policies.  *Id*. at 876 (quotations omitted).

---

residence in Georgia.  *See id*., ECF 1 at ¶ 4.  As a result, the plaintiff's claim arose from Tyler's contacts with Georgia.  In contrast, Plaintiff does not reside in Georgia and did not perform work for Tyler in Georgia, and therefore his claims do not arise from Tyler's contacts with Georgia.

[30] Plaintiff must also establish that Tyler is subject to Georgia's long arm statute. *See* O.C.G.A. § 9-10-91.  However, it is irrelevant whether Tyler is subject to Georgia's long arm statute because Plaintiff cannot satisfy the nexus or due process requirements necessary to establish specific jurisdiction.

Tyler is not subject to specific jurisdiction in the Northern District of Georgia because Plaintiff cannot establish his claims arise out of Tyler's contacts with the forum and, even if he could, the exercise of personal jurisdiction over Tyler violates traditional notions of fair play and justice.

(1)     *Minimum Contacts Analysis*

Plaintiff cannot satisfy the minimum contacts analysis required for specific jurisdiction.[31]  First, Plaintiff's FLSA claims do not in any way arise out of or relate to Tyler's contacts with Georgia.  Tyler's two Georgia offices are part of different business units that support software lines completely different from the business unit in which Plaintiff worked and the software he supported in the in the ExecuTime business unit in which Plaintiff worked[32].  As a result, there is no nexus between Tyler's offices in Georgia and the claims asserted in Plaintiff's lawsuit.  *See Fraser v. Smith*, 594 F.3d 842 (11th Cir. 2010) (finding defendant's purchase of a boat in forum state an insufficient nexus for third-party's tort claims); *McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F. Supp. 2d 1318 (N.D. Ga. 2014) (finding designing product manufactured in forum state, purchase of product from manufacturer, and ownership

---

[31]  Importantly, Plaintiff's Complaint is devoid of any facts that would support specific jurisdiction.  Plaintiff does not allege that he conducted any work for Tyler in Georgia or that Tyler's alleged failure to pay wages under the FLSA arose out of Tyler's contacts in Georgia.

[32] Savard Decl. at ¶¶ 5, 7.

of company located in forum state were not related to personal injury lawsuit and did not support specific jurisdiction).

Moreover, Plaintiff spent a negligible amount of time performing work for Tyler clients located in Georgia.[33]  Not only did Plaintiff's work for clients in Georgia constitute a small amount of time, but Plaintiff performed the work remotely from his home in Arkansas.[34] He never traveled to Georgia for Tyler business at any time during his employment with Tyler.[35]  Finally, Plaintiff's payroll—a relevant fact in an FLSA overtime case—was processed in Maine, not Georgia[36]; *see, e.g.*, *Lovett v. Sanderson*, No. 98-30290, 1999 WL 500691, at *3 (5th Cir. June 18, 1999) (declining to exercise specific jurisdiction where only contact in forum was defendant's alleged adherence to overtime wage policy set in the forum and defendant's conduct did not impact residents in the forum).  In sum, Tyler's minimal contacts with Georgia are too attenuated to Plaintiff's FLSA claims to satisfy the minimum contacts standard.

---

[33] Pasch Decl. at ¶ 14.

[34] Pasch Decl. at ¶¶ 12, 14.

[35] Pasch Decl. at ¶ 5.

[36] Pasch Decl. at ¶ 13.

(2)     *Fair Play and Substantial Justice Analysis*

Even if Plaintiff could satisfy the minimum contacts analysis, specific jurisdiction would remain improper because it would violate traditional notions of fair pay and substantial justice.  Georgia has a limited interest in adjudicating the dispute since the relevant events—Plaintiff's alleged failure to receive overtime—occurred outside of Georgia in Arkansas where Plaintiff at all times during his employment with Tyler resided and worked.  Georgia also has a limited interest because Plaintiff is not a resident of Georgia.  *See Lovett*, 1999 WL 500691, at *3 (finding traditional notions of fair play and substantial justice counseled against exercising jurisdiction where FLSA-plaintiffs were not residents of the forum).  In fact, the only individual connected to the litigation who resides in Georgia is Plaintiff's attorney.  Arkansas, where Plaintiff resides and where the majority of Tyler's ExecuTime business unit is located, has a far greater interest in adjudicating Plaintiff's claims.

2.     <u>Plaintiff Cannot Establish a Substantial Part of the Events or Omissions Giving Rise to the Claim Occurred in the Northern District of Georgia</u>

Venue is similarly improper under 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's FLSA claim did not occur in the Northern District of Georgia.  Plaintiff never traveled to Georgia on behalf of Tyler. Instead, Plaintiff performed the majority of his work—including a very minor

amount of work for Tyler clients located in Georgia—from his home in Arkansas. Consequently, a majority of the events or omissions giving rise to his FLSA claim occurred in Arkansas, not Georgia. *See Wildstein v. Cheyenne Holdings, Inc*., No. 616CV336ORL41TBS, 2016 WL 7366892, at *3 (M.D. Fla. Aug. 9, 2016), report and recommendation adopted, No. 616CV336ORL41TBS, 2016 WL 7338516 (M.D. Fla. Dec. 19, 2016) (finding improper venue in FLSA suit filed Middle District of Florida where the plaintiff performed his services for the defendant from his home in Southern District of Florida).

Because Plaintiff cannot establish that Tyler resides in the Northern District of Georgia or that a substantial part of the events or omissions giving rise to his FLSA claims occurred in the Northern District of Georgia, venue is improper under 28 U.S.C. § 1391.

### C.   The Northern District of Georgia is an Inconvenient Forum
#### 1.   *Forum Non Conveniens* Standard

In the event the Court finds that venue is proper in the Northern District of Georgia, it is nevertheless an inconvenient forum.  "*Forum non conveniens* is a common law doctrine that provides district courts with 'inherent power to decline to exercise jurisdiction' with the 'central purpose' being 'to ensure that the trial is convenient.'"  *Kolawole v. Sellers*, 863 F.3d 1361, 1369 (11th Cir. 2017) (citing *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983)).  Transfer is

proper under *forum non conveniens* when: "(1) an adequate alternative forum is available, and (2) public and private factors weigh in favor of dismissal." *Id*. An alternative forum is available when the defendant is amenable to process in another jurisdiction, and is adequate if it "'provides for litigation of the subject matter of the dispute and potentially offers redress.'" *Id*. (citing *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009)).

After satisfying the relatively easy factor of an adequate available forum, courts turn to private and public factors. Private factors include: deference to the plaintiff's choice of forum; ease of access to sources of proof; availability and cost of compulsory process for attendance of unwilling witnesses; and other matters that may make a trial "easy, expeditious and inexpensive." *Id.* at 1371-1372. While a plaintiff's choice of forum is entitled to substantial weight, that presumption is reduced if the cause of action bears little connection to the chosen forum, or if plaintiff elects to file in a foreign forum instead of his home forum. *Gardner v. Norfolk S. Corp.*, No. 13-CV-3467, 2013 WL 5494447, at *2 (E.D. Pa. Oct. 3, 2013); *Montgomery v. Tap Enters, Inc.*, No. 06 CV 5799 HB, 2007 WL 576128, at *2 (S.D.N.Y. Feb. 26, 2007).

Public factors that are weighed by courts include:

(1) the administrative difficulties stemming from court congestion; (2) the interest in having localized controversies decided at home; (3) the

interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems of conflict of laws, or the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Kolawole*, 863 F.3d at 1372.

2.    Public and Private Factors Weigh In Favor of Transfer

Public and private factors weigh in favor of transferring Plaintiff's lawsuit to the Eastern District of Arkansas.[37]   The facts underlying this motion are similar to those in *Montgomery v. Tap Enterprises, Inc.*  In *Montgomery*, the Southern District of New York granted an FLSA-defendant's *form non conveniens* motion when none of the named plaintiffs resided in New York, the defendant was not headquartered or incorporated in New York, the majority of the defendant's employees did not reside in New York, and the defendant's sales were not concentrated in New York. *Montgomery*, 2007 WL 576128, at *1.  While the named plaintiffs, like the Plaintiff here, did perform limited work in New York, that work constituted a small portion of their total work for the defendant—e.g., of 322 days of employment, only 14 days in New York and 2 days in the Southern District of New York.  *Id*. at *1, *4 (noting

---

[37] There is no reason that Plaintiff could not have filed his lawsuit in the Eastern District of Arkansas.  Tyler is amenable to process there and the Eastern District of Arkansas is familiar with the FLSA.  As a result, there is no serious dispute that an adequate alternative forum exists.

plaintiff's "itinerant schedule" meant the operative facts were spread throughout the United States). Further, none of the parties' witnesses resided in New York. *Id*. at *1. In reaching its decision to transfer, the court rejected the plaintiffs' argument that venue was proper because overtime violations had occurred in the district and plaintiffs' counsel (who were located in New York) would have to travel out of state if the court transferred the litigation. *Id*. at *4 (noting that Section 1404 does not contemplate the convenience of parties' counsel).

Similar to *Montgomery*, neither Plaintiff nor any of the anticipated witnesses reside in Georgia. While Plaintiff's counsel is located in Georgia, "courts have generally accorded little weight to the convenience of plaintiffs' attorneys." *Id*. at *3 (quotations omitted). In contrast, Plaintiff, and a large number of other employees in the ExecuTime business unit reside and work in Arkansas or states other than Georgia. Further, like the named plaintiffs in *Montgomery*, Plaintiff performed work for Tyler clients located across the United States. As a result, the operative facts are not concentrated in Georgia, but are spread across the United States. Moreover, the Eastern District of Arkansas is equally familiar with the FLSA as the Northern District of Georgia. While Plaintiff elected to file in the Northern District of Georgia, his decision is entitled to little weight given the cause of action bears little relation to the forum and because transfer would be to the judicial district

where Plaintiff resides.  *See id*. at *4-*5.  In sum, the various public and private factors weigh in favor of transfer to the Eastern District of Arkansas.

**IV.    <u>CONCLUSION</u>**

Tyler respectfully requests that the Court dismiss Plaintiff's Complaint based improper venue, or, in the alternative, transfer the Complaint to the United States District Court for the Eastern District of Arkansas.

Dated:    March 24, 2020            */s/ R. Daniel Beale*        
R. Daniel Beale
Georgia Bar No. 043880
dan.beale@dentons.com
Maxwell Jones
Georgia Bar No. 451289
Dentons US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
Telephone: +1.404.527.8489
Facsimile:  +1.404.527.4198

Paulo B. McKeeby
TX State Bar No. 00784571 (*pro hac vice* pending)
pmckeeby@reedsmith.com
Amanda E. Brown
TX State Bar No. 24087839  (*pro hac vice* pending)
aebrown@reedsmith.com
2501 N. Harwood Street
Ste. 1700
Dallas, TX 75201
Telephone:      +1.469.680.4232
Facsimile:      +1.469.680.4299

**ATTORNEYS FOR DEFENDANT**

## **LOCAL RULE 7.1(D) CERTIFICATE**

Pursuant to Local Rule 7.1(D), I hereby certify that Defendant's Memorandum of Law in Support of Motion to Dismiss has been prepared using 14-point Time New Roman font, in compliance with Local Rule 5.1.

*/s/ R. Daniel Beale*
R. Daniel Beale

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above was filed via the Court's ECF filing system on March 24, 2020, and served on the following:

Matthew W. Herrington
Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

*/s/ R. Daniel Beale*
R. Daniel Beale

- 19 -