# Exhibit B

# Declaration of Hillary Pasch

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MATTHEW WRIGHT,

    Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,

    Defendant.

Civil Action No. 1:20-cv-00836-AT

## DECLARATION OF HILLARY PASCH

I, Hillary Pasch, declare as follows:

1. I have worked for Tyler Technologies, Inc. ("Tyler") for over 4 years and currently serve as Product Owner in Tyler's ExecuTime business unit. I have worked in that capacity since August of 2019. From July 2017 until August 2019, I worked as Manager of Implementation in the ExecuTime business unit.

2. Matthew Wright ("Wright") worked as an Implementation Consultant in Tyler's ExecuTime business unit from December 6, 2016 until August 15, 2018 when he resigned his employment.

3. As an Implementation Consultant in the Services Department of the Executime business unit, Wright helped Tyler's clients set up the ExecuTime software for use by the client's employees.

4. More specifically, Wright assisted Tyler's clients with upgrades to their ExecuTime software, conducted training on the upgrades, and helped troubleshoot any issues resulting from the software upgrade.

US_ACTIVE-152353857

5. During Wright's employment with Tyler, he did not travel to Georgia to perform any of his job duties. To confirm this in connection with this declaration, I reviewed Wright's time entry records as well as documents related to his work schedule.

6. Wright primarily performed his job duties from his home in Fayetteville, Arkansas.

7. After being hired, Wright's onboarding and training on the ExecuTime software occurred at Tyler's Little Rock, Arkansas office.

8. Wright also attended an annual meeting for ExecuTime Implementation, which included Project Managers and Implementation Consultants in the Little Rock office.

9. From December 2016 to August 2017, Wright's direct manager, Jamie Burns ("Burns"), worked in Tyler's office in Little Rock, Arkansas. Burns supervised Wright as well as other employees who supported the ExecuTime software.

10. From July 2017 through August 2018, I was Wright's direct manager. I reside in North Carolina and work remotely and did so during the time I was Wright's immediate supervisor.

11. Other than Wright, one other individual, Elliot Albo ("Albo"), worked in the ExecuTime Services Department. Albo worked in a Project Manager position. Albo resided in Percy, Arkansas during his employment with Tyler.

12. Five Tyler employees in ExecuTime's Advanced Scheduling Department, a different department than the Services Department where Wright worked, work out of their individual homes in Georgia. The majority of the

US_ACTIVE-152353857

ExecuTime business unit employees are located outside of Georgia, primarily in Arkansas.

13. Tyler processed Wright's payroll out of Tyler's office in Maine. During Wright's employment, Human Resources for the ExecuTime business unit worked out of Tyler's office in Latham, New York.

14. During his entire employment with Tyler, Wright performed limited remote work—i.e., from his home—for two Tyler clients located in Newnan, Georgia and Thomasville, Georgia consisting of approximately 3 hours and 13 hours, respectively. These approximations are based on my review of Wright's time records. Other than his work for these two clients, Wright performed no other work for clients in Georgia while he was employed with Tyler.

15. Wright performed the remainder of his work for Tyler clients spread across the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed in <u>Onslow</u> County, State of <u>North Carolina</u> on March 23rd, 2020, at 09:34am EST.

*Hillary Pasch*
HILLARY PASCH