IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MATTHEW WRIGHT,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**TYLER TECHNOLOGIES, INC.,**<br><br>**Defendant.** | Civil Action No. 1:20-cv-836-AT |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Matthew Wright, through the undersigned counsel, hereby to the Motion to Dismiss [Dkt. 15] of Defendant Tyler Technologies, Inc., showing the Court as follows:

While Plaintiff does not agree that venue is improper in this Court or that Defendant would face any hardship by litigating in this forum, and while Plaintiff opposes Defendant's request to dismiss this action, Plaintiff does not oppose Defendant's alternative request to transfer of this action to the United States District Court for the Eastern District of Arkansas.

28 USCS § 1406(a) provides that a Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "[T]ransfer is generally perceived to further the interests of

1

justice more than dismissal." *Allied Sound v. Dukane Corp.*, 934 F. Supp. 272, 276 (M.D. Tenn. 1996) (citing *Nation v. United States Gov't.*, 512 F. Supp. 121, 126 (S.D. Ohio 1981)). "As such, 'doubts should be resolved in favor of preserving the action, particularly where it appears that venue may be properly laid in the proposed transferee district.'" *Id*. (quoting *Nation*, 512 F. Supp. at 126–27); *see also Barton S. Co. v. Manhole Barrier Sys.*, 318 F. Supp. 2d 1174, 1178 (N.D. Ga. 2004) (transferring rather than dismissing action); *Herndon v. AJ Servs. Joint Venture I, LLP*, No. 1:15-cv-00612-LMM-AJB, 2015 U.S. Dist. LEXIS 194449, at *16-19 (N.D. Ga. Nov. 30, 2015) ("it is in the 'interest of justice' to transfer the case to a proper forum rather than dismiss it. . . . 'If by reason of the uncertainties of proper venue a mistake is made, . . . the interest of justice may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'" (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S. Ct. 913 (1962)).

Plaintiff would further note that dismissal rather than transfer might unduly prejudice him because his employment began more than two years prior to the present and his FLSA claims might wither due to the statute of limitations if he were required to refile his action in another forum. Plaintiff therefore requests that

the Court transfer this action to the Eastern District of Tennessee as the interest of justice requires.

This 14th day of April 2020,

                                          Respectfully submitted,

                                          **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

                                          *s/Matthew W. Herrington*

| | |
|---|---|
| 101 Marietta Street NW | Mitchell D. Benjamin |
| Suite 2650 | Georgia Bar No. 049888 |
| Atlanta, Georgia 30303 | Matthew W. Herrington |
| (404) 979-3171 | Ga. Bar No. 275411 |
| (404) 979-3170 (f) | |
| benjamin@dcbflegal.com | Counsel for Plaintiff |
| matthew.herrington@dcbflegal.com | |

## Certification of Compliance

Pursuant to LR 7.1, NDGa, I certify that the foregoing brief was prepared using Times New Roman 14-point font, one of the font and point selections approved by the Court in LR 5.1, NDGa.

                                          *s/Matthew W. Herrington*
                                          Matthew W. Herrington
                                          Georgia Bar No. 275411

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MATTHEW WRIGHT,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**TYLER TECHNOLOGIES, INC.,**<br><br>**Defendant.** | Civil Action No. 1:20-cv-836-AT |

### CERTIFICATE OF SERVICE

I certify that on this date I caused the foregoing document to be filed with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: April 14, 2020

*s/Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

4