IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW WRIGHT, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:20-CV-0836-AT |
| TYLER TECHNOLOGIES, INC., : | |
| : | |
| Defendant. : | |

## **ORDER**

This matter is before the Court on Defendant's Motion to Dismiss in which Defendant requests that the Court dismiss Plaintiff's Complaint based on improper venue, or, in the alternative, transfer the Complaint to the United States District Court for the Eastern District of Arkansas. [Doc. 15.] In his Response, Plaintiff opposes dismissing the action, but does not oppose transferring it to the Eastern District of Arkansas. (Response, Doc. 19.) Defendant's Motion to Dismiss is **GRANTED** as to Defendant's request to transfer the case to the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a), and **DENIED** in all other respects.

Section 1404(a) states that a district court may transfer a civil action to another district to which all parties have consented "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Here, the parties all consent to transferring the case to the Eastern District of Arkansas.

Accordingly, the Court need not engage in deep assessment of the appropriateness of the transfer, as it would if the transfer was contested. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013) ("Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong[,]' [a]nd it permits transfer to any district where venue is also proper (i.e., 'where [the case] might have been brought') or to any other district to which the parties have agreed by contract or stipulation."); *see also Internap Corp. v. Noction Inc.*, 114 F. Supp. 3d 1336, 1339 (N.D. Ga. 2015) (two-part analysis for motions to transfer); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (identifying nine factors to consider in motions under section 1404(a)). That being said, the Court notes that the events giving rise to Plaintiff's claim involve work performed remotely by him from Arkansas for the Defendant's "Executime" business unit, which was also based in Arkansas. (*See* Complaint, Doc. 1 at ¶¶ 10—11; Pasch Decl., Doc. 15-3 at 2—3; Savard Decl., Doc. 15-2 at 3—4.) Accordingly, the Eastern District of Arkansas is likely a more appropriate venue for this matter, regardless of the consent of the parties to transfer the case there.

**Conclusion**

For the reasons discussed above, the Court **GRANTS in part** Defendant's Motion as it pertains to transferring this case to the Eastern District of Arkansas,

but **DENIES in part** Defendant's Motion as it pertains to dismissing Plaintiff's Complaint. [Doc. 15.]

The Clerk of the Court is **DIRECTED** to transfer this case to the Eastern District of Arkansas.

**IT IS SO ORDERED** this 24th day of April, 2020.

_____
**Amy Totenberg**
**United States District Judge**