IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| MATTHEW WRIGHT,<br><br>    Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>    Defendant. | No. 4:20-cv-00454-KGB |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Tyler Technologies, Inc. ("Tyler"), by and through its attorneys, hereby answers Plaintiff's Complaint in the above-referenced matter.

**I.
INTRODUCTION**

1. Tyler admits that Plaintiff seeks to recover overtime wages under the Fair Labor Standards Act ("FLSA"), but denies that he is entitled to relief thereunder. Tyler further denies it violated the FLSA with respect to Plaintiff.

**II.
JURISDICTION AND VENUE**

2. Tyler admits that the Court has subject matter jurisdiction over this case.

3. Tyler admits that venue is proper in the Eastern District of Arkansas and that it is subject to personal jurisdiction in the Eastern District of Arkansas. Tyler denies that venue was proper in the Northern District of Georgia or that it was subject to personal jurisdiction in the Northern District of Georgia.

US_ACTIVE-151817077.4

## III.
## PARTIES

4. Upon information and belief, Tyler admits that Plaintiff is an individual who resides in Washington County, Arkansas.

5. Tyler admits that Tyler is a Delaware corporation registered to do business in Georgia and in Arkansas.

6. Tyler admits that it is subject to personal jurisdiction in the Eastern District of Arkansas. Tyler denies that it is subject to personal jurisdiction of the Northern District of Georgia.

7. Tyler admits that it may be served with process as identified in paragraph 7 of Plaintiff's Complaint.

## IV.
## EMPLOYMENT RELATIONSHIP

8. Tyler admits the allegations in paragraph 8 of Plaintiff's Complaint.

9. Tyler admits that it was Plaintiff's employer from approximately December 2016 to August 2018, but Tyler neither admits nor denies the remaining allegations in paragraph 9 of Plaintiff's Complaint because such allegations are legal conclusions. To the extent a response is required, Tyler denies the remaining allegations in paragraph 9 of Plaintiff's Complaint.

## V.
## NONEXEMPT EMPLOYEE

10. Tyler admits that Plaintiff's job included the duties described in paragraph 10 of Plaintiff's Complaint, but denies that paragraph 10 fully states Plaintiff's primary job duties.

11. Tyler denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. Tyler denies the allegations in paragraph 12 of Plaintiff's Complaint.

13. Tyler admits the allegations in paragraph 13 of Plaintiff's Complaint.

14. Tyler admits the allegations in paragraph 14 of Plaintiff's Complaint.

US_ACTIVE-151817077.4

15. Tyler admits the allegations in paragraph 15 of Plaintiff's Complaint.

16. Tyler admits the allegations in paragraph 16 of Plaintiff's Complaint.

17. Tyler admits the allegations in paragraph 17 of Plaintiff's Complaint.

18. Tyler denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. Tyler denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. Tyler denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Tyler denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Tyler denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Tyler denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. Tyler denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. Tyler denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. Tyler denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Tyler admits the allegations in paragraph 27 of Plaintiff's Complaint.

28. Tyler denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Tyler denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. Tyler denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. Tyler denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. Tyler neither admits nor denies the allegations in paragraph 32 of Plaintiff's Complaint because such allegations set forth legal conclusions. To the extent a response is required, Tyler denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. Tyler neither admits nor denies the allegations in paragraph 33 of Plaintiff's Complaint because such allegations set forth legal conclusions. To the extent a response is required, Tyler denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Tyler neither admits nor denies the allegations in paragraph 34 of Plaintiff's Complaint because such allegations set forth legal conclusions. To the extent a response is required, Tyler denies the allegations in paragraph 34 of Plaintiff's Complaint.

35. Tyler neither admits nor denies the allegations in paragraph 35 of Plaintiff's Complaint because such allegations set forth legal conclusions. To the extent a response is required, Tyler denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Tyler denies the allegations in paragraph 36 of Plaintiff's Complaint.

## VI.
## FAILURE TO PAY OVERTIME

37. Tyler admits the allegations in paragraph 37 of Plaintiff's Complaint.

38. Tyler denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Tyler admits that Plaintiff was not paid overtime but denies that he regularly worked in excess of 40 hours per workweek, or that he was entitled to overtime wages.

## VII.
## WILLFULNESS AND LACK OF GOOD FAITH

40. Tyler denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. Tyler admits that Tyler did not rely on any letter ruling from the Department of Labor regarding Plaintiff's status under the FLSA but denies the remaining allegations in paragraph 41 of Plaintiff's Complaint.

42. Tyler denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Tyler denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Tyler denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. Tyler denies the allegations in paragraph 45 of Plaintiff's Complaint.

## COUNT I
### Failure to Pay Overtime Pursuant to 29 U.S.C. §§ 207 and 215(a)(2)

46.　Tyler neither admits nor denies the allegations in paragraph 46 of Plaintiff's Complaint because they are legal conclusions.  To the extent a response is required, Tyler denies the allegations in paragraph 46 of Plaintiff's Complaint.

47.　Tyler denies the allegations in paragraph 47 of Plaintiff's Complaint.

48.　Tyler admits that it did not pay Plaintiff overtime compensation because he was exempt under the FLSA, and Tyler therefore denies the remaining allegations in paragraph 48 of Plaintiff's Complaint.

49.　Tyler denies the allegations in paragraph 49 of Plaintiff's Complaint.

50.　Tyler denies the allegations in paragraph 50 of Plaintiff's Complaint.

### RELIEF SOUGHT

51.　Tyler acknowledges that Plaintiff seeks the relief sought in paragraph 51 of Plaintiff's Complaint but denies that Plaintiff is entitled to such relief or that Tyler violated any law.

### GENERAL DENIAL

52.　All allegations in the Complaint not specifically admitted herein are denied.

### DEFENSES

1.　Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, to the extent Plaintiff is asserting a claim under the Fair Labor Standards Act for compensation outside the applicable statute of limitations, said claim is barred.

2.　Subject to and without waiving any prior objection, answers or defenses, Plaintiff is an exempt employee under the Fair Labor Standards Act in that he has met all the criteria for

US_ACTIVE-151817077.4

the administrative exemption and, therefore, is not legally entitled to overtime compensation as requested in his Complaint.

3. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Tyler acted in good faith in classifying Plaintiff as an exempt employee based upon his duties and responsibilities. Such good faith is based upon the applicable statute, regulations, and case law.

4. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Tyler states that its conduct was not willful.

5. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Tyler states that Plaintiff's claims for liquidated damages are subject to the applicable limitations on such damages as set forth in 29 U.S.C. § 216.

6. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Tyler alleges that Plaintiff is not entitled to any recovery for the damages asserted as all monies due and owing to Plaintiff was paid by Tyler. Specifically, and without limitation, Plaintiff was, at all relevant times, properly classified as an exempt employee under 29 U.S.C. § 213 *et seq.* and, therefore, is not entitled to overtime as that term is defined by the Fair Labor Standards Act ("FLSA").

7. Tyler reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

WHEREFORE, having fully answered, Tyler prays that judgment be entered in its favor and for its costs, including reasonable attorneys' fees.

| | |
|---|---|
| Dated:   May 6, 2020 | */s/ Paulo B. McKeeby* |
| | Brian A. Vandiver |
| | AR State Bar No. 2001078 |
| | bavandiver@csmfirm.com |
| | Cox, Sterling, McClure & Vandiver, PLLC |
| | 8712 Counts Massie Road |
| | North Little Rock, AR 72113-7265 |
| | Telephone:  501.954.8073 |
| | Facsimile:  501. 954.7856 |
| | |
| | Paulo B. McKeeby |
| | TX State Bar No. 00784571 |
| | (*pro hac vice*) |
| | paulo.mckeeby@morganlewis.com |
| | Amanda E. Brown |
| | TX State Bar No. 24087839 |
| | (*pro hac vice*) |
| | aebrown@reedsmith.com |
| | Reed Smith LLP |
| | 1717 Main Street, Suite 3200 |
| | Dallas, TX 75201 |
| | Telephone:    +1.214.466.4000 |
| | Facsimile:      +1.214.466.4001 |
| | |
| | **ATTORNEYS FOR DEFENDANT** |

US_ACTIVE-151817077.4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above was filed via the Court's ECF filing system on May 6, 2020, which caused a copy of same to be served electronically on all counsel of record.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
