IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **MATTHEW WRIGHT,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | Civil Action No. 4:20-cv-454-KGB |
| : | |
| **TYLER TECHNOLOGIES, INC.,** : | |
| : | |
| **Defendant.** : | |

**JOINT RULE 26(F) REPORT**

COME NOW Plaintiff Matthew Wright ("Plaintiff") and Defendant Tyler Technologies, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, submit the following information in compliance with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1.

1. <u>Any changes in timing, form, or requirements of initial disclosures under Fed. R. Civ. P. 26(a).</u>

Plaintiff seeks to modify the requirements of Fed. R. Civ. P. 26(a) to permit him to provide his damages estimates within 21 days after Defendant's complete production of all his time and pay records. Defendant does not object to this request. Specifically, Plaintiff requests that the Court modify Rule 26(a)'s damages calculation requirement as follows: "Plaintiff shall be required to disclose the method of calculation of all damages with its initial disclosures, and Plaintiff shall be required to provide the figures to be used in those calculations (i.e., the unpaid overtime claimed, the compensation to be included in the regular rate, and the calculation of damages based on the regular rate) within twenty-one (21) days of Defendant's complete production of relevant documents in response to Plaintiff's first request for production of documents."

1

The Parties agree to produce and deliver electronic copies of any non-privileged documents identified in their initial disclosures without a formal discovery request. The Parties recognize, however, that they may not be able to produce all such documents on the day the initial disclosures are due, but will produce any such documents within 30 calendar days of the date the initial disclosures are due.

2. <u>Date when initial disclosures were or will be made.</u>

On or before July 27, 2020.

3. <u>Subjects on which discovery may be needed.</u>

- All of the elements of Plaintiff's claims and Defendant's defenses to those claims, including, but not limited to:
    - The hours Plaintiff worked
    - The pay Plaintiff received
    - Plaintiff's job duties
- Issues related to willfulness and good faith; and
- The amount of Plaintiff's damages, if any.

4. <u>Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.  If so:</u>

(a) <u>whether disclosure or production will be limited to data reasonably available to the Parties in the ordinary course of business;</u>

The Parties anticipate that disclosure or production will be limited to data reasonably available to the Parties in the ordinary course of business.

(b) <u>the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the Parties in the ordinary course of business;</u>

Not applicable at this time.

(c)   <u>the format and media agreed to the Parties for the production of such data as well as agreed procedures for such production;</u>

The Parties do not anticipate that ESI will be significant in this matter. If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense. Upon request, electronic mail and any other form of digital file shall be produced in native (e.g., .pst, .xcl., .mdb, .doc) format. If the requesting party does not specify the format, the producing party will have the option of producing the documents in native format, paper form, or providing the information in static .pdf files. If either party requests that any metadata be produced, the Parties may discuss the production of metadata and attempt to reach an agreement. If advanced search methodologies become necessary, the Parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials. The Parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs. If they cannot reach agreement, the Parties shall jointly seek guidance from the Court.

(d)   <u>whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;</u>

The Parties have been made aware of the need to maintain the relevant records taken in the ordinary course of business. Defendant has instituted a litigation hold for all employees who may have documents related to Plaintiff's claims and/or Defendant's defenses.

    (e)    <u>other problems which the parties anticipate may arise in connection with electronic or computer-based discovery</u>.

    None known at this time.

5.    <u>Date by which discovery should be completed</u>.

    February 17, 2021.

6.    <u>Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.</u>

    The Parties consent to the electronic service of all documents that require service on an opposing party, including, but not limited to, written discovery requests and responses and notices of deposition at the primary e-mail address at which each attorney of record receives ECF filings in this case. The Parties agree that discovery may be signed by e-signature rather than by hand. Subject to the provisions in Section 4(c), the Parties agree to electronic copies of any documents which would ordinarily be produced subject to Rules 26 or 34 of the Federal Rules of Civil Procedure.

7.    <u>Any Orders, e.g. protective orders, which should be entered.</u>

    None at this time. The Parties agree that if they intend to seek a protective order with respect to any information or documents requested in written discovery, they will provide a proposed protective order to opposing counsel no later than one week prior to the date that the discovery responses or document production are due.

8.    <u>Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action</u>.

    None at this time.

9. <u>Any objections to the proposed trial date</u>.

None at this time. However, if the Court has not issued a ruling on any dispositive motions by 21 days before the scheduled trial date, the Parties agree that they will seek to continue the trial until such an order is issued.

10. <u>Proposed deadline for joining other parties and amending the pleadings</u>.

August 12, 2020.

11. <u>Proposed deadline for completing discovery</u>.

February 17, 2021.

12. <u>Proposed deadline for filing motions other than motions for class certification</u>.

March 19, 2021, except for motions in limine, which should be filed no later than 21 days before trial.

13. <u>Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification</u>.

N/A.

14. <u>Pursuant to Rule 26(f)(3)(D), any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502</u>.

If a party ("Disclosing Party") inadvertently discloses information that is subject to a claim of attorney-client privilege or work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information or its related subject matter in this litigation or in any other court or legal proceeding.

If at any time the Disclosing Party discovers that it has disclosed Inadvertently Disclosed Information, it shall as soon as practicable after learning that it inadvertently or mistakenly

produced such information: (1) notify all parties in writing of the inadvertent disclosure; (2) identify all Inadvertently Disclosed Information; and (3) explain the circumstances surrounding its discovery that it inadvertently produced the information, including the date of such discovery.

Upon receiving the Disclosing Party's notice, each receiving party shall within 10 business days: (1) return, destroy, sequester, or delete all copies of the Inadvertently Disclosed Information; (2) take reasonable steps to retrieve the Inadvertently Disclosed Information if it was disseminated by the receiving party prior to such notification; and (3) provide a certification of counsel that all such information has been returned, destroyed, sequestered, or deleted.

Even if the receiving party objects (or intends to object) to the Disclosing Party's privilege or protection claim, it shall refrain from any further use, disclosure, or dissemination of the Inadvertently Disclosed Information in any way (including, but not limited to, using the information at depositions or trial) until the Court rules on the privileged or protected status of the Inadvertently Disclosed Information.

The Disclosing Party must preserve the Inadvertently Disclosed Information until either: (1) all receiving parties concede that it is privileged or protected; or (2) the Court resolves any disputes as to whether the Inadvertently Disclosed Information is privileged or protected.

Within 10 business days of the notification that the receiving party returned, destroyed, sequestered, or deleted the Inadvertently Disclosed Information, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

At any time after receiving the Disclosing Party's privilege log, a party may notify the Disclosing Party in writing of its objection to a claim of privilege or work product protection with respect to the Inadvertently Disclosed Information. Within 10 business days of the receipt of such

notification, the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the Disclosing Party's privilege or work product claim.

If the parties do not resolve their disagreement after conducting the mandatory meet and confer, the receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

The Disclosing Party bears the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this agreement shall limit the right to request an *in camera* review of the Inadvertently Disclosed Information.

Respectfully submitted this 10th day of July 2020,

| SANFORD LAW FIRM, PLLC | COX, STERLING, MCCLURE & VANDIVER, PLLC |
|---|---|
| Joshua Sanford<br>Arkansas Bar No. 2001037<br>Courtney Lowery<br>Arkansas Bar No. 2019236<br><br>One Financial Center<br>650 S. Shackleford Rd.<br>Suite 411<br>Little Rock, AR 72211<br>(501) 221-0088<br>(888) 787-2040 (f)<br>josh@sanfordlawfirm.com<br>courtney@sanfordlawfirm.com | Brian Anthony Vandiver<br>Arkansas Bar No. 2001078<br>Dylan J. Botteicher<br>Arkansas Bar No. 2017170<br><br>8712 Counts Massie Road<br>North Little Rock, AR 72113<br>501-954-8073<br>501-954-7856 (f)<br>bavandiver@csmfirm.com<br>djbotteicher@csmfirm.com |
| | REED SMITH LLP |
| DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC | *s/ Amanda E. Brown* |
| *s/ Matthew W. Herrington*<br>Mitchell D. Benjamin (*pro hac vice*)<br>Ga. Bar No. 049888<br>Matthew W. Herrington (*pro hac vice*)<br>Georgia Bar No. 275411 | Paulo B. McKeeby (*pro hac vice*)<br>Texas Bar No. 00784571<br>Amanda E. Brown (*pro hac vice*)<br>Texas Bar No. 24087839<br>2850 N. Harwood St. 2850 North Harwood Street<br>Suite 1500 |

101 Marietta Street  
Suite 2650  
Atlanta, Georgia 30303  
(404) 979-3150  
(404) 979-3170 (f)  
benjamin@dcbflegal.com  
matthew.herrington@dcbflegal.com  

Counsel for Plaintiff

Dallas, TX 75201  
469-680-4227  
469-680-4299 (f)  
pmckeeby@reedsmith.com  
aebrown@reedsmith.com  

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **MATTHEW WRIGHT,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| vs. | : Civil Action No. 4:20-cv-454-KGB |
| | : |
| **TYLER TECHNOLOGIES, INC.,** | : |
| | : |
| **Defendant.** | : |

**CERTIFICATE OF SERVICE**

I certify that on this date I caused the foregoing document to be filed with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: July 10, 2020

*s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

9