IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| MATTHEW WRIGHT,<br><br>            Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>            Defendant. | No. 4:20-cv-00454-KGB |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COST
PURSUANT TO 29 U.S.C.§ 216(B)**

Plaintiff seeks to recover an unreasonable amount of attorney's fees ($19,372.20)[1] for a single-plaintiff wage and hour lawsuit that resolved before the completion of discovery. The only briefing in the case was an initial motion by Defendant challenging venue, which Plaintiff ultimately elected not to contest. Given the procedural posture of the case and the Court's guidance on what constitutes reasonable attorneys' fees in similar matters, Plaintiff's request for $19,372 in attorneys' fees should be denied and a reasonable award of $3,000 in attorneys' fees should be awarded instead.[2]

**I.  BACKGROUND**

Plaintiff filed his lawsuit on February 24, 2020, in the Northern District of Georgia alleging violation of the Fair Labor Standards Act ("FLSA"). ECF 1. Defendant objected that the Northern District of Georgia was not a proper venue and, on March 24, 2020, Defendant filed a motion to

---

[1] It is not entirely clear the exact amount of attorneys' fees that Plaintiff is requesting. At times he states he is seeking $19,372.20, Pl. Br. at 1, but at other times he states is seeking $21,738.42, Pl. Br. at 3. Even the lower amount is unreasonable.

[2] Defendant does not object to the $523 in costs Plaintiff's counsel requests.

dismiss or, in the alternative, to transfer to the Eastern District of Arkansas where venue would be proper. ECF 15. Plaintiff did not oppose a transfer to the Eastern District of Arkansas, ECF 19, and on April 24, 2020, Plaintiff's lawsuit was transferred to this Court. ECF 20, 21. On May 6, 2020, Defendant filed its answer to Plaintiff's complaint. ECF 31.

Following Defendant's answer, the parties filed a joint Rule 26(f) report, ECF 39 and, on August 6, 2020, the Court issued a scheduling order, ECF 40. The parties then exchanged written discovery. On August 12, 2020, Defendant served a small set of requests for production (18 requests total) to Plaintiff, to which Plaintiff responded on September 11, 2020. Pl.'s Resp. to Def.'s RFPs, Ex. 1-A. Defendant then noticed Plaintiff's deposition on November 2, 2020. Pl.'s Dep. Notice, Ex. 1-B. Also on November 2, 2020, Plaintiff served interrogatories and requests for production to Defendant. Pl.'s RFPs to Def., Ex. 1-C; Pl.'s Rogs to Def., Ex. 1-D.

Before responding to Plaintiff's discovery requests or deposing Plaintiff, Defendant on November 18, 2020, served an offer of judgment. Offer of Judgment, Ex. 1-E. Plaintiff filed his acceptance of Defendant's offer on December 1, 2020. ECF 41. In Plaintiff's acceptance of Defendant's offer, Plaintiff stated he would file a motion for attorney's fees and costs no later than December 16, 2020. *Id.* Almost two weeks after Plaintiff's self-imposed deadline, Plaintiff on December 28, 2020, filed his motion for attorney's fees and costs. ECF 42.

## II.    LEGAL AUTHORITY

The FLSA includes a fee-shifting provision that allows a plaintiff to recover his reasonable attorneys' fees and the costs of the action. 29 U.S.C. § 216. Nevertheless, "[t]he fact that a case involves fee shifting does not open the door to unwarranted billing that would otherwise never be incurred." *Jones v. RK Enters. of Blytheville, Inc.*, No. 3:13-CV-00252-BRW, 2016 WL 1091094, at *6 (E.D. Ark. Mar. 21, 2016), *aff'd*, 672 F. App'x 613 (8th Cir. 2016). When determining reasonable attorneys' fees, courts begin with the lodestar method. *Id.* at * 1. Under the lodestar

method, the court considers "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). It is axiomatic that hours that are not reasonably expended must be excluded. *See id.* at 434 ("Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]"). "'A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys.'" *Jones*, 2016 WL 1091094, at *1 (citation omitted).

When considering whether to adjust the lodestar amount up or down, the Eighth Circuit considers the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*. 461 U.S. at 460 n.3.

### III. ARGUMENTS

This Court has previously determined that in a straight-forward, single plaintiff FLSA case, an appropriate award of attorney's fees is $3,000. *See Davis v. Klenk*, No. 3:12-CV-115-DPM, 2012 WL 5818158, at *2 (E.D. Ark. Nov. 15, 2012) (awarding $3,000 to plaintiff as reasonable attorney's fees); *Burton v. Nilkanth Pizza Inc.*, No. 4:19-CV-00307-BRW, 2020 WL 4939470, at *1 (E.D. Ark. Aug. 24, 2020), *appeal docketed*, No. 20-2984 (8th Cir. Sept. 24, 2020) (awarding $2,952 to plaintiff as reasonable attorney's fees); *see also Cook v. Beemac Foods, LLC* No. 2:18-CV-02155, 2019 WL 2418753, at *2 (W.D. Ark. June 10, 2019) (finding reasonable attorneys'

fees award for single-plaintiff wage and hour case to be $2,500). Yet, despite this Court's guidance, Plaintiff seeks attorneys' fees of $19,372.20 for a basic wage and hour case in which there was no motion practice and not a single deposition was taken. Plaintiff cannot establish that his request of $19,372.00 in attorneys' fees is reasonable.

### A.     Plaintiff's Counsel's Rates Are Not Reasonable

As an initial matter, because the Court is located in Little Rock, Arkansas, the reasonable hourly rate is the prevailing rate in Little Rock, Arkansas, not Atlanta, Georgia where some of Plaintiff's attorneys are located.[3]  *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001); *see also Vines v. Welspun Pipes, Inc.*, No. 4:18-cv-00509, 2020 WL 3062384, at *4 (E.D. Ark. June 9, 2020), *appeal docketed*, No. 20-2168 (8th Cir. June 10, 2020) ("FLSA litigation is not so nuanced that a national rate would be justified."). Accordingly, Plaintiff's Atlanta counsel's hourly rates should be reduced to align with the rates the Court has found to be reasonable for counsel of similar qualifications in similar litigation in the Eastern District of Arkansas.

This Court has previously found that in wage and hour litigation the following rates are reasonable: Partner - $250; Senior Associate - $175; Associate - $150; Paralegal - $65; Legal Assistant - $25. *Bryan v. Mississippi Cnty., Arkansas*, No. 3:18-cv-00130-DPM, Dkt. No. 68 (E.D. Ark. May 12, 2020) (holding a reasonable rate for Mr. Sanford would be $250/hour and for law clerks would be $25/hour); *Vines*, 2020 WL 3062384, at *4 (holding a reasonable rate for senior attorneys would be $250/hour, $175 for senior associates, and $150 for junior associates); *Davis v. Klenk*, No. 3:12-CV-115-DPM, 2012 WL 5818158, at *2 (E.D. Ark. Nov. 15, 2012) (holding

---

[3] Plaintiff's Atlanta counsel attempts to justify his Atlanta rates by arguing that Defendant's counsel is likely billing at rates customary in the Houston, Texas market. As an initial matter, Defendant's counsel is located in Dallas, Texas, not Houston. Nevertheless, Defendant's counsel's rates are irrelevant as Defendant is not requesting Plaintiff to pay for Defendant's attorneys' fees.

reasonable rates in an FLSA case would be $150 for an associate); *see also Rounds v. S. Heritage Health and Rehab., LLC*, No. 5:12-cv-276-DPM, 2015 WL 1119955, at *1 (E.D. Ark. Mar. 6, 2015) (finding $300 not a reasonable rate in light of the simple nature of an employment claim and that a rate of $200 "better reflect[ed] the market and the case").

The table below summarizes both the hourly rates requested by Plaintiff and the Court's stated reasonable rates for the *thirteen* separate timekeepers included in Plaintiff's request for attorneys' fees:

| Timekeeper Name | Role (Location) | Plaintiff's Requested Rate | Amount Billed at Requested Rate (Hours) | Reasonable Rate per E.D. Ark. | Amount Billed at Reasonable Rate |
|---|---|---|---|---|---|
| Charles Bridgers | Partner (Atlanta) | $425 | $1,783.70 (4.20) | $250 | $1,049.24 |
| Mitchell Benjamin | Partner (Atlanta) | $425 | $191.25 (.45) | $250 | $112.50 |
| Matthew Herrington | Senior Associate (Atlanta) | $350 | $11,092.50 (31.69) | $175 | $5,546.25 |
| Jessica Sorrenti | Senior Paralegal (Atlanta) | $165 | $148.50 (0.9) | $65 | $58.50 |
| Sarah Toenes | Paralegal (Atlanta) | $125 | $356.25 (2.85) | $65 | $185.25 |
| Kelsey Hyatt | Legal Assistant (Atlanta) | $65 | $182.00 (2.8) | $25 | $70.00 |
| Josh Sanford | Partner (Arkansas) | $325 | $4,550.00 (14.0) | $250 | $3,500.00 |
| Steve Rauls | Senior Associate (Arkansas) | $225 | $22.50 (0.78) | $175 | $136.11 |
| Courtney Lowery | Associate (Arkansas) | $150 | $1,085.00 (7.23) | $150 | $1,085.00 |

| | | | | | |
|---|---|---|---|---|---|
| Michael Stiritz | Staff (Arkansas) | $75 | $7.50 (0.1) | $25 | $2.50 |
| Tracy Freeman | Staff (Arkansas) | $60 | $72.00 (1.2) | $25 | $30.00 |
| Marley Cash-Powell | Unknown[4] (Arkansas) | $100 | $20.00 (0.2) | $0 | $0.00 |
| Kaylee Gould | Unknown (Arkansas) | $100 | $10.00 (0.1) | $0 | $0.00 |
| TOTAL | | | $19,372.20 | | $11,772.35 |

In light of the Court's rulings setting forth the reasonable hourly rates for FLSA litigation, Plaintiff's requested hourly rates are not reasonable and should be denied.

  **B.**  **The Amount of Hours is Not Reasonable**

    1.  <u>Overstaffing</u>

First, staffing this case with thirteen separate timekeepers was completely unwarranted and represents egregious overstaffing. Plaintiff has offered no explanation as to why a single plaintiff overtime case would be staffed with 3 partners, 2 senior associates, 1 associate, 4 staff/paralegals, and 2 timekeepers whose role is unknown. In total, 13 timekeepers.[5] On multiple occasions, this Court has held that a straightforward FLSA case can reasonably be run by an associate with minimal oversight and that involving two lawyers (much less six lawyers) will unnecessarily escalate attorneys' fees. *See Davis*, 2012 WL 5818158, at *2; *Jones*, 2016 WL 1091094, at *5; *see also Cook v. Bemac Foods, LLC*, No. 2:18-cv-02155, 2019 WL 2418753, at *2 (W.D. Ark.

---

[4] Given the unknown role of Ms. Cash-Powell and Ms. Gould and Plaintiff's failure to provide any identifying information regarding their involvement, their charges should not be included in the fee award.

[5] Even more timekeepers are included on Plaintiff's local counsel's billing records, but Plaintiff's local counsel has not included those timekeepers' hours in Plaintiff's request.

June 10, 2019); *Murdock v. McNair*, No. 5:17-CV-05225, 2018 WL 6314569, at *1 (W.D. Ark. Dec. 3, 2018).

### 2. Plaintiff unsuccessful strategy

Time spent pursuing unsuccessful strategies is not recoverable. *See Burton*, 2020 WL 4939470, at *5 (denying plaintiff's request for fees associated with unsuccessful issues); *Jones*, 2016 WL 1091094, at *3 (finding time spent researching proper venue was unreasonable and finding fees incurred in pursuing unsuccessful and unnecessary motions were unreasonable). Here, Plaintiff elected to file in an improper venue and Defendant should not be held responsible for the attorneys' fees Plaintiff incurred as a result of his poor case strategy.[6] Plaintiff's Atlanta counsel's records reflect they incurred $3,595.25 in attorneys' fees researching and drafting Plaintiff's response to Defendant's motion to dismiss or transfer (which he ultimately did not contest and simply agreed to).[7] *See* ECF 42-1 at p. 14 (slip IDs 142585, 142417, 142438, 142562, 142564, 142565). As a result, the $3,595.25 incurred by Plaintiff's Atlanta counsel in relation to the issue of improper venue should be rejected.

---

[6] Plaintiff claims he is in this Court against his will, Pl. Br. at 11, but Plaintiff's statement is false. Plaintiff consented to the jurisdiction of this Court, likely after realizing he was likely to lose on the issue of whether venue was proper in the Northern District of Georgia. *See* ECF 19. In fact, Plaintiff's Atlanta counsel's billing records indicate that Plaintiff was aware of the venue issue before filing Plaintiff's complaint in the Northern District of Georgia, but elected to do so anyway. *See* ECF 42-1 at 12 (entry on February, 18, 2020 noting "[c]ommunication with client and Greene re: venue issue; discuss with CRB; begin preparing complaint"). In fact, Plaintiff's Atlanta counsel consulted with Plaintiff's local counsel about serving as local counsel ten days ***before*** Defendant even filed its motion challenging the Northern District of Georgia as a proper venue—evidence that Plaintiff's Atlanta counsel knew venue was improper before Defendant even raised it. *Compare* ECF 42-1 at 13 (entry on March 14, 2020) *with* ECF 15 (Defendant's motion to dismiss/transfer venue filed on March 24, 2020).

[7] The amount of fees is particularly amazing given that Plaintiff's response was a brief, two-page pleading that did not oppose a transfer. *See* ECF 19.

3.     Administrative tasks

Plaintiff's counsel also spent an unreasonable amount of time on administrative tasks. For example, Ms. Lowery and Mr. Sanford allegedly spent 2.5 hours corresponding with Plaintiff's Atlanta counsel regarding motions for pro hac vice and notices of appearances, reviewing the motions and notices, and then e-filing them. ECF 42-2 at pp. 11-12. Similarly, Plaintiff's Atlanta counsel claims 1.47 hours reviewing and discussing the pro hac vice motions prepared by a legal assistant. ECF 42-1 at p. 15. There is no need for such standard motions to be reviewed by multiple attorneys, and any e-filing should have been handled by staff, not an attorney. *See Davis*, 2012 WL 5818158, at *2 ("The time billed for tailoring the form is too much. Another example: while counsel may prefer to do his own electronic filing, it is not right to charge the other side . . . for that task.").

4.     Vague time entries

It is the requesting party's burden to produce supporting documentation that allows a court to verify the reasonableness of the requested fees. *Coates v. Dassault Falcon Jet Corp.*, No. 4:17CV00372 JLH, 2019 WL 2931296, at *1 (E.D. Ark. May 8, 2019). Courts may reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review such that the court lacks a sufficient basis to determine the number of hours reasonably expended. *Id*.

Here, it is almost impossible to discern whether Plaintiff's local counsel's hours are reasonable given the unhelpful descriptions for their time entries. The majority of Plaintiff's local counsel's billing entries are vaguely described along the lines of "Examination of emails with CO-C," Examination of OC email," or "Compose electronic communication to CO-C" and are charged at 0.1 hours. These entries are too vague to support a fee award.[8]

---

[8] This Court has previously taken Plaintiff's local counsel to task for their billing practices. *See Vines*, 2020 WL 3062384, at *4 ("[N]o reasonable, efficient law firm would practice this way . . .

### 5. Unnecessary time spent on research and discovery

As this Court has noted, wage and hour cases generally are not complex and do not require extensive effort. *Vines*, 2020 WL 3062384, at *8 ("The fact is that very little 'legal work' was performed in this case, which is true of most FLSA cases."). And, as Plaintiff himself noted, this case is substantially similar to another single-plaintiff wage and hour case—*Greene v. Tyler Technologies, Inc.*, No. 1:19-cv-1338 (N.D. Ga.)—that Plaintiff's Atlanta counsel is prosecuting against Defendant. Given Plaintiff's Atlanta counsel's pre-existing familiarity with Defendant's pay practices and Plaintiff's job duties, *see* ECF No. 42-1 at p. 3, Plaintiff's counsel should have been able to prosecute this lawsuit effectively with minimal fees incurred. However, Plaintiff's Atlanta counsel's billing records reveal the opposite occurred. For example:

- Mr. Herrington claims 1.6 hours researching the computer professional exemption, *see* ECF 42-1 at 13. Given Mr. Herrington's experience in *Greene*, he knows that Defendant's defense relies on the administrative exemption, not the computer professional exemption, and therefore such research was unnecessary.[9]

- Mr. Herrington claims 2.3 hours preparing written discovery to Defendant. *See* ECF 42-1 at 18. Yet, the discovery served was almost identical to the discovery served in *Greene*— Plaintiff's counsel merely changed the case caption, substituted Plaintiff's name, and reformatted a couple of requests. *See* Exs. 1-F, 1-G (redline comparisons of the discovery requests in *Greene* and Plaintiff's discovery requests).

---

[c]ertainly, no fee-paying client would tolerate these practices. What's more troubling is that SLF continues the practice after repeatedly being called out for it. Once again, I must be an auditor because SLF ignores the warnings that have been given repeatedly.").

[9] Plaintiff's counsel repeatedly claim they have reduced their fees to eliminate any unreasonable or unnecessary fees, Pl. Br. at 9, but a review of the time records reveals that is not true. Plaintiff's Atlanta counsel has reduced their total hours by a mere 1.35 hours from 44.35 hours to 43 hours, ECF 42-1 at p. 5, and Plaintiff's local counsel reduced their total hours by 15%, ECF 42-2 at p. 12. As discussed herein, several additional unnecessary and unreasonable billing entries should have been eliminated by Plaintiff's counsel.

The 3.9 hours that Mr. Herrington spent conducting unnecessary research and tailoring form discovery should not be awarded. *Davis*, 2012 WL 5818158, at *2 (reducing fees associated with essentially tailoring a form).

6.  <u>Fees incurred after the offer of judgment are not recoverable</u>

Defendant served its offer of judgment on November 18, 2020. Any fees incurred by Plaintiff after Defendant served the offer are not recoverable. *See Burchell v. Green Cab Co., Inc.*, No. 5:15-CV-05076, 2016 WL 894825, at *3 (W.D. Ark. Mar. 8, 2016); *see also* Offer of Judgment, Ex. 1-E (stating the parties agreed to "reasonable attorneys' fees and costs ***incurred as of the date of this Offer of Judgment***") (emphasis added). Yet, Plaintiff's local counsel seeks to recover fees incurred after November 18, 2020 and through December 7, 2020. *See* ECF 42-2 at 9. The $480 incurred by Plaintiff's local counsel after the offer of judgment on November 18, 2020 should not be awarded.

7.  <u>Plaintiff's recovery does not justify the fees requested</u>

Plaintiff's damages recovery is not a large amount that justifies the amount of attorneys' fees that Plaintiff seeks to recover. Pursuant to the offer of judgment, Defendant agreed to pay Plaintiff $4,500. *See* ECF 41. Plaintiff attempts to characterize the recovery as a success. Pl. Br. at 13-14. However, the minimal damages Defendant agreed to pay are merely a reflection of Defendant's decision to pay a nuisance value amount in lieu of continuing litigation and incurring additional defense costs. *See* Offer of Judgment, Ex. 1-E ("Any judgment entered pursuant to this Offer of Judgment shall not constitute a determination of liability, which is expressly denied by Defendant, but will reflect only mutual concessions and the compromise and settlement of disputed claims related to this lawsuit.").

Plaintiff's counsel is correct that attorneys' fees in FLSA cases may be greater than the damages recovered in certain cases. As the cases cited by Plaintiff's counsel demonstrate, Pl. Br.

at 16 n.3,[10] an award of fees greater than the plaintiff's wage damages is appropriate when the case involved a lengthy procedural history or complex issues. *See Vines*, 2020 WL 3062384, at *8. That is not the case here—Plaintiff's case was a straightforward FLSA case with a short procedural history that borrowed heavily from another case Plaintiff's Atlanta counsel led. It does not justify an award of attorneys' fees that is significantly greater than Plaintiff's recovery.

        8.    <u>Plaintiff's counsel has not been precluded from accepting other cases</u>

There is nothing to indicate that Plaintiff's counsel has been precluded from accepting other cases as a result of their acceptance of Plaintiff's case. Rather, a review of the federal docket reveals that Plaintiff's counsel is currently representing plaintiffs in several other wage and hour lawsuits. *See* Ex. 1-H (listing 310 open cases for Plaintiff's local counsel); Ex. 1-I (listing 33 open cases for Plaintiff's Atlanta counsel). Therefore, the preclusion of other employment by Plaintiff's counsel due to acceptance of Plaintiff's case does not support Plaintiff's requested attorneys' fees.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's requested attorneys' fees are unreasonable and should be denied. Defendant respectfully requests that the Court deny Plaintiff's motion for attorneys' fees and costs and award Plaintiff $3,000 in attorney's fees and his reasonable costs.

---

[10] For example, *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 F. App'x 341 (5th Cir. 2007) involved a collective action with a lengthy procedural history. Similarly, *Lucio-Cantu v. Vela*, 239 F. App'x 866 (5th Cir. 2007) involved a collective action that went to trial. *Cox v. Brookshire Grocery Co.*, 919 F.2d 354 (5th Cir. 1990) also proceeded through trial. Moreover, the aforementioned cases are appellate rulings that applied a narrow standard of review, abuse of discretion, to determine whether the requested fees were reasonable.

January 11, 2021

        */s/ Amanda E. Brown*
        Brian A. Vandiver
        AR State Bar No. 2001078
        bavandiver@csmfirm.com
        Cox, Sterling, McClure & Vandiver, PLLC
        8712 Counts Massie Road
        North Little Rock, AR 72113-7265
        Telephone:  501.954.8073
        Facsimile:  501. 954.7856

        Paulo B. McKeeby
        TX State Bar No. 00784571
        (*Pro Hac Vice*)
        pmckeeby@reedsmith.com
        Amanda E. Brown
        TX State Bar No. 24087839
        (*Pro Hac Vice*)
        aebrown@reedsmith.com
        Reed Smith LLP
        2850 N. Harwood St., Suite 1500
        Dallas, TX 75201
        Telephone:     +1.469.680.4200
        Facsimile:     +1.469.680.4200

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 11th day of January, 2021, a true and correct copy of the foregoing document was filed using the Court's ECF filing system that caused a copy to be served upon all counsel of record.

        */s/ Amanda E. Brown*
        Amanda E. Brown