UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| MATTHEW WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. 4:20-cv-454-KGB |
| | : | |
| TYLER TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | |

---

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. § 216(B) AND BRIEF IN SUPPORT**

---

**1.      Plaintiff's Counsel's Rates Are Reasonable**

The hourly rates charged by Sanford Law Firm, Plaintiff's local counsel ("SLF") are reasonable and in line with or less than the rates for attorneys engaged in similar practices in the area of Little Rock, Arkansas, as well as rates previously awarded by district courts in the Eastern District of Arkansas. This Court has previously awarded SLF the same rates requested in this case. *See Estes, et al. v. Buell, et al.,* Case No. 4:18-cv-26-KGB, ECF No. 50. *See also Latcham v. U.S. Pizza Company, Inc.*, No. 4:16-cv-582-BSM (E.D. Ark. Jan. 24, 2019) (awarding in full a fee request based on $325.00 per hour for attorney Josh Sanford and $225.00 per hour for Attorney Steve Rauls); *O'Quinn v. Country Inn., Inc., et al.*, No. 6:18-cv-6025 (W.D. Ark. Sept. 24, 2019) (awarding in full a fee request based on $325.00 per hour for Sanford); *Coates, et al v. Dassault Falcon Jet Corp.*, No. 4:17-cv-372-JLH (E.D. Ark. May 8, 2019 (declining to reduce Sanford's hourly rate of $325.00 in light of reductions made in the number of hours he billed). More broadly, $275.00 per hour for senior attorneys and $225.00 per hour for experienced associates has been the going rate in Arkansas for FLSA work since 2014

or before. *See Hewitt v. Gerber Prods. Co.*, No. 2:13-CV-02117-PKH, 2014 U.S. Dist. LEXIS 127676, at *7 (W.D. Ark. July 18, 2014); *Hendricks v. Inergy, L.P.*, No. 4:12-cv-136-JLH, 2014 U.S. Dist. LEXIS 6044, at *9 (E.D. Ark. Jan. 6, 2014.

Defendant also argues that the reasonable rates of Plaintiff's Atlanta counsel are necessarily the prevailing rates in Little Rock, despite the fact that this case was filed in Atlanta.[1] Defendants fail to address the arguments raised by Plaintiff in his Motion: that Plaintiff chose his counsel and filed his action in Atlanta and was brought to this Court unwillingly, and that his counsel's recent experience litigating the same claim—for an employee in the same position—against Defendant through summary judgment.

No other attorney in the country shared this experience and Plaintiff's counsel was thus uniquely positioned to represent Plaintiff's interests. Moreover, Plaintiff's Atlanta counsel's familiarity with the facts and legal issues likely to arise in this case permitted him to work far more efficiently than any other attorney could have. *See, e.g.*, *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 24 (2d Cir. 1983) (noting that several other appeals courts have made awards based on out-of-district rates when counsel had special expertise) (citing cases). Nor did Defendant deny that its Texas-based counsel—who likewise represented Defendant in the related *Greene* litigation—are charging Defendant their regular Dallas rates despite this litigation occurring in Little Rock. Defendant hired out-of-state counsel for a reason, and it is the same reason that Plaintiff did.

---

[1] Contrary to Defendant's unsupported argument, Plaintiff's selection of an Atlanta venue was entirely appropriate. All requirements for jurisdiction and venue in Atlanta were present, and that Court was already very familiar with the facts and legal arguments to be raised in this case. It was, in fact, a better venue, especially given that neither Plaintiff, any of the likely witnesses, or the Parties' counsel reside in Little Rock. However, simply because Defendant's primary office is in this District, Plaintiff ultimately decided not to challenge the requested transfer of venue because the request was likely to be granted over Plaintiff's objection.

Defendant's untenable position is, in short, that Defendant can reasonably hire out-of-state counsel who have both expertise and prior familiarity with the underlying facts, and who are reasonably compensated at their normal rates, but that a Plaintiff cannot do the same and must settle for a second-choice lawyer who lacks the same experience. That, or his lawyer of choice must agree to slash his rates in order to continue with the litigation. This reasoning invites forum shopping by a Defendant solely on the basis of the fee rates of local plaintiff counsel and weakens a Plaintiff's ability to obtain the best counsel they can find. The Court should reject this argument and award Plaintiff's counsel fees at the rates applicable in all their other litigation, just as Defendant's counsel charged Defendant.[2] *See, e.g.*, *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983) (permitting an award of fees based on the award in the initial district of filing where the case was transferred for "the convenience of parties and witnesses, in the interest of justice" in the absence of any indication that the suit was filed in the high-rate district with little prospect of litigation there but in the hope of securing a high fee.").

"What a lawyer charges their client is perhaps the best evidence of their market rate." *Jernigan v. Crane*, No. 4:13-cv-00410 KGB, 2015 U.S. Dist. LEXIS 198444, at *18 (E.D. Ark. Dec. 4, 2015) (Baker, J.) (citing *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000)); *see also Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012) (same); *Pickett v. Sheridan Health Care*, 664 F.3d 632, 640 (7th Cir. Dec. 15, 2011) (same). Here, Plaintiff Wright has produced evidence that the hourly rates of his Atlanta counsel are the same rates charged to their hourly clients. Dkt. 42-1, ¶¶ 12, 13. Moreover, those rates have been approved in FLSA actions by numerous courts as reasonable, both in Atlanta and in rural areas across Georgia.

---

[2] Should the Court not be willing to assume—based on Defendant's tacit admission—that Defendant's counsel have billed Defendant for this litigation at their regular Dallas rates, Plaintiff requests that the Court order Defendant to produce its counsel's complete billing records for the Court's review.

*Ogier v. M-Entertainment Properties, LLC, et al.*, 1:19-cv-372-TWT, Dkt. 50 (N.D. Ga. May 15, 2020) (Atlanta, Georgia); *Jackson et al. v. American Disposal Service of Georgia, Inc.*, 1:19-cv-4428-AT, Dkt. 33 (N.D. Ga. July 30, 2020) (Atlanta, Georgia); *Cooper et.al., v. Parker Promotions, Inc*, 4:17-cv-116-CDL, Dkt. 65 (M.D. Ga. August 6, 2019) (Columbus, Georgia); *Haddock v. Jasper County, Georgia*, 5:18-cv-292-MTT, Dkt. 14 (M.D. Ga. June 13, 2019) (Macon, Georgia); *Moore v. Americus Restaurant Group, Inc*., 1:17-cv-107(WLS), Dkt. 21 (M.D. Ga. October 6, 2017) (Albany, Georgia). Plaintiff and his counsel should not be punished for the fact that Defendant was able to obtain a transfer of venue.

## 2.   The Hours Worked by Plaintiff's Counsel are Reasonable

### a.   *Plaintiff's Counsel did not Overstaff this Case*

Defendant's argument that Plaintiff overstaffed this case rests entirely on the observation that 13 separate individuals billed time. Yet Defendant cannot point to a single instance in which improper double-billing or inefficiency occurred as a result of having work delegated to numerous different individuals over the course of the litigation. In reality, Plaintiff's counsel merely delegated work appropriately to various staff members. Moreover, the number of attorneys involved in the case was increased because (1) local counsel was engaged, and (2) associate attorneys (in both Atlanta and Little Rock) were primarily responsible for the work on this case and thus had to have at least nominal supervision by partners. There is nothing abnormal about this. Defendant has the burden of pointing to specific billing improprieties, but has utterly failed to do so. *See, e.g.*, *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("[O]bjections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise.") (quotation omitted).

4

### b.      *Plaintiff was not unsuccessful on any claim*

Fees may be reduced where a prevailing plaintiff has been unsuccessful on discrete *claims*. *Bennett v. Nucor Corp.*, No. 3:04CV00291 SWW, 2012 U.S. Dist. LEXIS 127914, at *13-14 (E.D. Ark. Sep. 10, 2012); *see also Hensley v. Eckerhart*, 461 U.S. 424, 448, 103 S. Ct. 1933, 1947 (1983); *Webster v. Fulton Cty.*, 112 F. Supp. 2d 1339, 1351-52 (N.D. Ga. 2000) (a reasonable fee includes "time spent on all claims that arise out of the same course of conduct and share a 'common core of fact,' even if a specific individual claim did not succeed."). "Once a party is found to have prevailed, '[a] fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit.' " *Hite v. Vermeer Mfg. Co.*, 361 F. Supp. 2d 935, 954-55 (S.D. Iowa 2005) (quoting *Casey v. City of Cabool, Mo.*, 12 F.3d 799, 806 (8th Cir. 1993)

Here, the only *issue* (not claim) Defendants attempt to identify as "unsuccessful" is the issue of venue. They fail to acknowledge that their Motion to Dismiss was in fact denied in part. And while Plaintiff did not oppose transfer of venue, it in no way followed from that fact that venue was inappropriate in Atlanta, as Defendants suggest.

Venue in this case was relatively complicated because several facts: (1) the location of Defendant's nominal headquarters in Plano, Texas, (2) the location of Defendant's other offices (e.g., in Atlanta), (2) the location of Plaintiff's training in Little Rock, (3) Plaintiff's place of work (i.e., his home office in Fayetteville), (4) the location of Defendants' customers (nationwide), (5) the location of likely witnesses (especially Suzanne Greene, who is in Atlanta, and others, none of whom live in Little Rock); and (6) the fact that the Court in Atlanta had previously heard the *Greene* case and was thus familiar with the underlying facts.

Given all of these factors, Plaintiff's counsel had to initially determine whether the case *could* appropriately be brought in Atlanta. Then, after Defendant filed its Motion to Dismiss (or alternatively, to transfer venue), Plaintiff's counsel necessarily had to determine whether he could successfully oppose the requested transfer based on the arguments actually made by Defendant. After determining that he likely could not, Plaintiff elected not to waste the Court's time and did not oppose transfer.[3] None of the work spent performing such factual and legal research was unreasonable, and it is fully compensable.

### c.    *Plaintiff's counsel did not unreasonably bill for administrative tasks*

All work performed by Plaintiff's counsel was reasonable, necessary, and timely, and is therefore certainly compensable. The only "example" Defendant provides to support the argument that Plaintiff's local counsel spent unreasonable time billing for administrative tasks is the time spent conferring with Atlanta counsel on notices of appearances and *pro hac vice* motions. However, filing notice of appearances and *pro hac vice* motions require the attention of a licensed attorney. Facilitating Atlanta counsel's appearance in the case was a crucial step—certainly not unreasonably administrative.

Plaintiff is unable to discern what billing entries Defendant refers to when it states that "Plaintiff's Atlanta counsel claims 1.47 hours reviewing and discussing the *pro hac vice* motions prepared by a legal assistant. ECF 42-1 at p. 15." The relevant page of billing entries shows that *pro hac vice* matters were handled primarily by a paralegal, that her work was reviewed by attorneys, and that attorney time related to *pro hac vice* motions was largely limited to such review prior to filing and discussions amongst themselves relating to a delay in obtaining a

---

[3] Although Plaintiff correctly prevailed on the issue of dismissal, a frivolous argument that Defendant never should have made.

certificate of good standing from the Northern District of Georgia. Nothing on the cited page is inappropriate and, Defendant having failed to make a precise objection, the Court should reject this argument. *See ACLU v. Barnes*, 168 F.3d at 428.

### d.      Plaintiff's counsel did not make vague time entries

Defendant argues that the "majority" of Plaintiff's local counsel's time entries are too vague to support a fee award. The only two examples Defendant provides to support this are the time entries, "Examination of OC email" and "Compose electronic communication to CO-C." These are not vague entries. Truly vague entries include descriptions such as, "Legal research" or "Trial prep," *See H.J., Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). Plaintiff's counsel's time entries provide sufficient detail for the Court to evaluate the necessity of the time expended. Time entries such as these have supported a fee award in multiple cases in the Eastern District, including in front of this Court specifically. *See Estes, et al. v. Buell, et al.,* Case No. 4:18-cv-26-KGB, ECF No. 50.

### e.      Plaintiff's counsel did not spend unnecessary time on research and discovery

Defendant argues that Plaintiff's counsel did not need to perform any substantial work on research and discovery in this case because they had litigated another similar case previously. The only billing entries actually identified by Defendant as unreasonable are 1.6 hours of research on the computer professional exemption and 2.3 hours spent preparing written discovery. This argument—for which Defendant provides almost no factual basis—is flawed in several respects:

> 1.      Plaintiff Wright had far greater technical knowledge and "back end" job duties dealing with ExecuTime computer systems than Greene did, and thus there was a significant risk that Defendant would attempt to revive its failed computer

exemption defense in this case. Thus, prior to filing suit, Plaintiff's counsel necessarily performed additional research as due diligence to ensure that there was no risk of this defense. Exhibit 1 hereto (Declaration of Matthew W. Herrington), ¶¶ 2–4).

2.    Plaintiff's written discovery requests were not identical or close to identical to the requests served in Greene. In preparing the discovery requests, Plaintiff's counsel reviewed the Greene requests and responses thereto, made determinations about what information and documents were potentially unique to Plaintiff Wright, and made determinations about what discovery to seek or not to seek on that basis. Moreover, Plaintiff's counsel reviewed Defendant's responses and Greene and tailored the new discovery requests to better avoid objections and obtain responsive answers. 2.3 hours of work on these matters was in no way inappropriate. Exhibit 1 hereto, ¶¶ 5–8).

Thus, as shown by the attached declaration of the undersigned counsel, none of the work spent on outgoing discovery requests was in any way unreasonable and should be fully compensated.

> *f.    Plaintiff acknowledges that fees incurred after the Offer of Judgment are not recoverable*

Plaintiff inadvertently requested a small amount of fees incurred by local counsel after service of Defendant's Rule 68 offer of judgment. Plaintiff acknowledges that these fees cannot be recovered.

> *g.    Plaintiff's recovery does not justify the fees requested*

Defendant argues, in short, that Plaintiff's recovery is not proportional to the fees requested. Defendant avoids the word "proportional" because, as Defendant and its counsel well know, proportionality with a back wage award is not a legitimate consideration in an FLSA case. *City*

*of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts."); *Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 581–82 (8th Cir. 2006); *see also Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990) ("To determine the hours reasonably expended, the relevant issue…is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures") (quotation omitted); *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844 (11th Cir. 2019) (affirming an award of $2,764 in costs, and $116,129 in attorney's fees following a judgment for $6,308 in unpaid minimum wages)

Defendant may believe that $4,500 is merely a "nuisance" value—despite the fact that it is 82.4% of the amount requested by Plaintiff in his Initial Disclosures. Well, then, it should have made that offer at the outset of the case before Plaintiff was forced to litigate and forced into a new jurisdiction, and forced to engage in written discovery and extensive deposition preparation. It did not do so, and now Plaintiff is entitled to recover a reasonable fee for the work that was necessarily performed in obtaining Plaintiff's judgment.

### h. It is irrelevant that Plaintiff's counsel has not been precluded from accepting other cases

Plaintiff has not requested an upward adjustment of the lodestar. Therefore, Defendant's argument that Plaintiff's counsel have not been precluded from accepting other cases is a *non sequitur*. Defendant offers no authority for the proposition that *lack* of preclusion from other employment justifies a reduction in the lodestar. That is not the law.

3.      **Conclusion**

Based on the foregoing, Plaintiff respectfully requests that the Court award all fees and costs requested in Plaintiff's Motion, with the exception of $480 that was incurred after service of Defendant's Rule 68 offer of judgment, to wit, $18,892.20 in fees and $532 in costs.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN LLC**

*s/ Matthew W. Herrington.*
Matthew W. Herrington
Georgia Bar No. 275411 (*pro hac vice*)

101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150          Telephone
(404) 979-3170          Facsimile

**SANFORD LAW FIRM, PLLC**

*s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037

Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088 Telephone
josh@sanfordlawfirm.com