UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| MATTHEW WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. 4:20-cv-454-KGB |
| | : | |
| TYLER TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | |

---

**SECOND DECLARATION OF MATTHEW W. HERRINGTON**

---

Attorney Matthew W. Herrington hereby submits his declaration, pursuant to 28 U.S.C. § 1746.

1.  My name is Matthew W. Herrington. I am over the age of twenty-one (21) and suffer from no legal disabilities. I make the following Declaration based on my personal knowledge as well as the contemporaneous business records of my firm.

2.  Early in my representation of Plaintiff Matthew Wright, I discovered that he had far greater technical knowledge and "back end" job duties dealing with ExecuTime computer systems than did my previous client, Suzanne Greene, who was also employed as an ExecuTime Implementation Consultant for Defendant Tyler Technologies, Inc.

3.  While Tyler had raised and then later abandoned a computer professional exemption defense to Greene's FLSA overtime claim, upon learning of Mr. Wright's greater technical abilities and job duties, and prior to filing the instant litigation, I investigated the precise nature of his job duties to ensure that he would not be susceptible to the same

defense. This factual and legal research was basic due diligence that I needed to conduct prior to initiating litigation.

4.    After completing this research, detailed in my firm's billing records submitted in support of Plaintiff Wright's Motion for Attorney's Fees, I was convinced that the computer professional exemption would not pose a risk to his recovery.

5.    Written discovery in this action was far more streamlined and simple that in the *Greene* litigation, because Defendant was already locked down on many issues such as the factual basis of its good faith defense, the basic job duties of an ExecuTime Implementation Consultant, and because I had already become very familiar with the company's organization structure, the nature of its services, and how Implementation Consultants were supervised by and communicated with the company's management.

6.    In an effort to avoid unnecessarily duplicative written discovery, I carefully reviewed the interrogatories, requests for production, and requests for admission that were served in the *Greene* litigation, as well as the responses thereto. On the basis of that review, I eliminated those discovery requests that were no longer necessary and reworded and reformulated a number of other requests with the purpose of avoiding potential objections and of ensuring to the extent possible that I would receive answers from Defendant Tyler that were actually responsive and provided the information that I needed.

7.    This work also included work on requests for admission, but I decided not to serve those requests when I served the first round of interrogatories and requests for production on Tyler. While these would likely have been completed and served at a later date—after receiving interrogatory responses and document production—I did not have an

opportunity to serve them because the case was resolved by a Rule 68 offer of judgment before that time had arrived.

8.      The 2.3 hours of work I spent on drafting the outgoing discovery requests in this case was spent efficiently and was necessary for the competent representation of my client.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on this 19th day of January 2021.

*s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411
