THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MATTHEW WRIGHT                                                                                           PLAINTIFF

v.                                       Case No. 4:20-cv-00454 KGB

TYLER TECHNOLOGIES, INC.                                                                          DEFENDANT

**ORDER**

Before the Court is the motion for attorneys' fees and costs filed by plaintiff Matthew Wright (Dkt. No. 42). Defendant Tyler Technologies, Inc. ("Tyler"), responded in opposition to the motion (Dkt. No. 43), and Mr. Wright replied (Dkt. No. 44). Both Mr. Wright and Tyler have filed notices of supplemental authority (Dkt. No. 45, 47). For the reasons below, the Court grants in part and denies in part the motion for attorneys' fees and costs.

I.     **Factual And Procedural History**

On February 23, 2020, Mr. Wright filed a complaint against Tyler in the United States District Court for the Northern District of Georgia alleging violations of the overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219 (Dkt. No. 1). Tyler filed a motion to dismiss on March 24, 2020 (Dkt. No. 15). The Georgia District Court granted in part and denied in part Tyler's motion to dismiss, and, with Mr. Wright's consent, transferred the case to the United States District Court for the Eastern District of Arkansas (Dkt. Nos. 20, 21). Joshua Sanford and Courtney Lowery of the Sanford Law Firm, PLLC, entered appearances as local counsel (Dkt. Nos. 22, 23).

Mr. Wright served written discovery responses on Tyler on September 11, 2020, and Mr. Wright served written discovery requests on Tyler on November 2, 2020. Counsel conferred regarding the scheduling of depositions, but depositions were avoided. The parties engaged in

settlement negotiations but were unable initially to reach an agreement. On November 18, 2020, before responding to Mr. Wright's discovery requests, Tyler made an offer of judgment of $4,500.00 plus reasonable attorney's fees and costs, which Mr. Wright accepted on December 1, 2020 (Dkt. Nos. 41, 41-1).

On December 28, 2020, Mr. Wright filed a motion for $19,372.20 in attorneys' fees and $523.00 in costs under the FLSA (Dkt. No. 42). On January 11, 2021, Tyler filed a response in opposition to the motion for attorneys' fees and costs, to which Mr. Wright replied on January 19, 2021 (Dkt. Nos. 43, 44). Both Mr. Wright and Tyler have filed notices of supplemental authority (Dkt. No. 45, 47).

## II.     Governing Law

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Determining a reasonable award of attorneys' fees is a two-step process. "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)). The party seeking an award of fees should "submit adequate documentation supporting the number of hours claimed," and the court "may deduct hours from this initial number if counsel's documentation is inadequate." *Gay v. Saline Cty.*, Case No. 4:03-cv-00564 HLJ, 2006

WL 3392443, at *2 (E.D. Ark. Oct. 20, 2006) (citing *Hensley*, 461 U.S. at 433). Once calculated, the lodestar amount is presumptively reasonable, *see Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), but may be adjusted upward or downward, as the court finds necessary based on the facts and circumstances of the particular case, *see Hensley*, 461 U.S. 434.

"Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion." *Hanig*, 415 at 825 (citing *Harmon v. City of Kansas City*, 197 F.3d 321, 329 (8th Cir. 1999)).

### III. Discussion

Mr. Wright requests $19,372.20 in attorneys' fees and $523.00 in costs, for a total fee award of $19,895.20. In support of the instant motion, Mr. Wright has submitted billing records documenting the hours expended by his counsel of record from both Georgia and Arkansas, the billing rates for these attorneys, and the costs associated with litigating this matter (Dkt. Nos. 42-1, 42-2), as well as the declarations of Matthew Herrington, Mr. Wright's lead counsel, and Joshua Sanford, his lead, local counsel (*Id.*). These billing records demonstrate that Mr. Wright's counsel from DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC ("DeLong") in Georgia billed Mr. Wright $14,610.95, and Sanford Law Firm, PLLC ("SLF") billed Mr. Wright $6,601.00 for a total of $21,211.95 in attorneys' fees. Mr. Wright now seeks an award of $19,372.20 in fees, a reduction of $1,839.75 for "billing judgment." (Dkt. No. 42, at 8).

Mr. Wright asks the Court to award attorneys' fees as follows:

| Timekeeper Name | Role (Location) | Requested Rate | Hours | Amount Billed |
|---|---|---|---|---|
| Charles Bridgers | Partner (Georgia) | $425.00 | 4.20 | $1,783.70 |
| Mitchell Benjamin | Partner (Georgia) | $425.00 | .45 | $191.25 |
| Matthew Herrington | Senior Associate (Georgia) | $350.00 | 31.69 | $11,092.50 |
| Jessica Sorrenti | Senior Paralegal (Georgia) | $165.00 | .90 | $148.50 |
| Sarah Toenes | Paralegal (Georgia) | $125.00 | 2.85 | $356.25 |
| Kelsey Hyatt | Legal Assistant (Georgia) | $65.00 | 2.80 | $182.00 |
| Josh Sanford | Partner (Arkansas) | $325.00 | 14.00 | $4,550.00 |
| Steve Rauls | Senior Associate (Arkansas) | $225.00 | .10 | $22.50 |
| Courtney Lowery | Associate (Arkansas) | $150.00 | 7.23 | $1,085.00 |
| Michael Stiritz | Staff (Arkansas) | $75.00 | .10 | $7.50 |
| Tracy Freeman | Staff (Arkansas) | $60.00 | 1.20 | $72.00 |
| Marley Cash-Powell | Unknown (Arkansas) | $100.00 | .20 | $20.00 |
| Kaylee Gould | Unknown (Arkansas) | $100.00 | .10 | $10.00 |
| **Total** | | | 65.82 | $19,372.20 |

(Dkt. No. 42-1, at 5, 24; 42-2, at 9-12).  The Court assumes that Marley Cash-Powell and Kaylee Gould are non-attorney timekeepers.

Tyler does not dispute that Mr. Wright succeeded on the merits of his FLSA claims and is, therefore, a prevailing party for purposes of a fee award under the FLSA.  Tyler, however, objects to Mr. Wright's proposed hourly rates and claims that the number of hours spent by Mr. Wright's counsel was excessive and that, therefore, a reduced fee is warranted in this case.  Tyler raises several objections to Mr. Wright's fee application, which the Court will address.

### A. Rates

Tyler complains that Mr. Wright's counsel's rates are not reasonable. Tyler asserts that, because the Court is located in Little Rock, Arkansas, the reasonable hourly rate is the prevailing rate in Little Rock, Arkansas, not Atlanta, Georgia (Dkt. No. 43, at 4). The Court agrees.

The Court observes that Mr. Sanford's request for $325.00 per hour has repeatedly been rejected by judges in both the Eastern and Western Districts of Arkansas. *See Aubrey v. Zamam, LLC*, No. 4:17-CV-00446-LH, slip op. at 2 (E.D. Ark. Nov. 29, 2018) (determining that $275.00, not the requested rate of $325.00, was a reasonable hourly rate for Mr. Sanford); *Wolfe v. Arafa*, No. 5:17-CV-00245-DPM, slip op. at 1 (E.D. Ark. Aug. 8, 2019) (determining that a reasonable hourly rate for Mr. Sanford was $250.00, not the requested rate of $325.00); *Perez v. Mian Enters., Inc.*, No. 2:17-CV-02162, 2018 WL 10394810, at *2 (W.D. Ark. Oct. 26, 2018) (reducing Mr. Sanford's requested hourly rate from $325.00 to $275.00). Mr. Wright cites this Court's recent decision in *Estes v. Buell*, in which the Court found that an hourly rate of $325.00 per hour for Mr. Sanford was reasonable. *See* No. 4:18-CV-0026-KGB, slip op. at 3–4 (E.D. Ark. May 25, 2020). However, in *Estes*, the Court specifically noted that the reasonableness of the fees was not contested. *See* slip op. at 3.

In his declaration, Mr. Herrington states that he has seven years of experience as an attorney, has acted as lead counsel on two jury trials and one bench trial, and represented another employee in a similar FLSA overtime action in the Northern District of Georgia (Dkt. No. 42-1, ¶¶ 3, 6. Mr. Sanford represents that he founded SLF in 2001 and that he has prosecuted over 1,000 wage-and-hour cases in federal and state courts and in arbitration proceedings (Dkt. Nos. 42-1, ¶ 3; 42-2, ¶¶ 2, 8).

Based on its experience and knowledge of the local market, the Court finds that the hourly rates charged by some, but not all, of Mr. Wright's counsel are high for the community, especially when considered along with the complexity of the case. Specifically, Mr. Wright has failed to demonstrate that the following hourly rates are the prevailing market rates for wage-and-hour cases in the Eastern District of Arkansas: $425.00 for partners, $350.00 for a senior associate, and $165.00 and $125.00 for paralegals in Georgia; $325.00 for partners and $225.00 for a senior associate in Arkansas. Therefore, considering the results obtained by Mr. Wright's counsel, as well as the rates that attorneys representing Mr. Wright charged in pursing this litigation, the Court determines that these rates, as reflected on their fee petition, do not reflect a reasonable hourly rate. The Court will reduce the fee award accordingly and does so in a manner consistent with its reasoning in this Order.

### B.     Overstaffing

Tyler argues that staffing the case with 13 separate timekeepers was unwarranted overstaffing (Dkt. No. 43, at 6). Attorneys' fees awarded under the FLSA "should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client." *Morales v. Farmland Foods, Inc.*, Case No. 8:08-cv-504, 2013 WL 1704722, at *7 (D. Neb. Apr. 18, 2013) (citing *Missouri v. Jenkins*, 491 U.S. 274, 287 (1989)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

Mr. Wright's counsel assigned 13 individuals to work on this case at various times and billed for all of them, including six lawyers (Dkt. No. 43, at 5-6). This may have led to inefficiencies and duplication of work. Courts have warned SLF repeatedly about this type of

6

duplicative billing in the past. *See Skender v. Eden Isle Corp.*, Case No. 4:20-cv-00054-BRW, 2021 WL 2964991, at *5-6 (E.D. Ark. July 14, 2021); *Vines*, 2020 WL 3062384, at *4–5; *West v. Zedric's LLC*, Case No. SA-19-CV-00556-FB, 2019 WL 6522828, at *6 (W.D. Tex. Dec. 3, 2019); *Cook v. Beemac Foods, LLC*, Case No. 2:18-cv-02155, 2019 WL 2418753, at *2 (W.D. Ark. June 10, 2019); *Coates v. Dassault Falcon Jet Corp.*, Case No. 4:17-cv-00372-JLH, 2019 WL 2931296, at *2 (E.D. Ark. May 8, 2019); *Furlow v. Bullzeye Oilfield Servs., LLC*, Case No. SA-15-CV-1156-DAE, 2019 WL 1313470, at *7 (W.D. Tex. Jan. 3, 2019), *report and recommendation adopted*, No. 5:15-CV-1156-DAE, 2019 WL 1313454 (W.D. Tex. Jan. 29, 2019); *Murdock v. McNair*, Case No. 5:17-cv-05225, 2018 WL 6314569, at *1 (W.D. Ark. Dec. 3, 2018); *Hays v. French Quarter Partners*, LLC, Case No. 6:15-cv-6065, 2016 WL 6518637, at *3 (W.D. Ark. Nov. 1, 2016); *Jones v. RK Enterprises of Blytheville, Inc.*, Case No. 3:13-cv-00252-BRW, 2016 WL 1091094, at *4 (E.D. Ark. Mar. 21, 2016), *aff'd*, 672 F. App'x 613 (8th Cir. 2016); *Burchell v. Green Cab Co., Inc.*, Case No. 5:15-cv-05076, 2016 WL 894825, at *3 (W.D. Ark. Mar. 8, 2016).

At the same time, the Court acknowledges that the "[u]se of more than one lawyer is common in legal practice" because "[c]onsultation among lawyers ensures that they do not overlook significant facts or inquiries." *Bohen v. City of East Chicago*, 666 F. Supp. 154, 157 (N.D. Ind. 1987). Upon consideration, the Court believes that "the fact that numerous attorneys work collectively on one case is not in-and-of-itself unreasonable and, in some cases, may indeed be more efficient and lead to a reduction in the total number of hours worked on a matter." *Franklin v. Magnolia Flooring Mill, LLC*, No. 1:17-CV-01073, 2019 WL 2427952, at *4 (W.D. Ark. June 10, 2019). Mr. Wright explains that his counsel "merely delegated work appropriately to various staff members. Moreover, the number of attorneys involved in the case was increased

because (1) local counsel was engaged, and (2) associate attorneys (in both Atlanta and Little Rock were primarily responsible for the work on this case and thus had to have at least nominal supervision by partners." (Dkt. No. 44, at 4). The Court is mindful that "[a] reduction for duplication 'is warranted only if the attorneys are *unreasonably* doing the *same* work.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990) (quoting *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990)). In his affidavit, Mr. Sanford states that, after reviewing his billing records, he reduced fees related to "case management" and "in-house conferences" from $6,601.00 to $5,618.00 which is a 15 percent reduction (Dkt. No. 42-2, ¶ 26).

Tyler also complains that Mr. Wright's counsel spent 2.5 hours corresponding with Mr. Wright's Georgia counsel regarding motions for *pro hac vice* and notices of appearances, reviewing the motions and notices of appearance, and then e-filing them (Dkt. No. 42, at 8). Tyler also asserts that Georgia counsel spent 1.47 hours reviewing and discussing the *pro hac vice* motions prepared by a legal assistant (*Id*.). Given the nature of this case and the billing records submitted for the Court's review, the Court determines that a significant amount of that time appears to be duplicative review of emails by Mr. Herrington, Mr. Sanford, and Ms. Lowery. Accordingly, the Court will reduce the fee award accordingly and does so in a manner consistent with its reasoning in this Order.

Additionally, the Court will exclude from the fee award the amounts claimed by all of the non-lawyer or paralegal, and unknown, timekeepers, which represents a total of $360.00. *See Beauford v. ActionLink, LLC*, No. 4:12CV00139 JLH, 2014 WL 183904, at *4 (E.D. Ark. Jan. 15, 2014) ("Secretaries' salaries come within a firm's overhead. Secretarial work on a case should

not be billed to a client, nor to an opposing party in a fee-shifting case." (citation and internal quotation marks omitted).

### C. Success

Tyler asserts that fees may be reduced when a plaintiff is unsuccessful on discrete claims. Tyler claims that Mr. Wright was unsuccessful in seeking venue in Georgia and that it should not be responsible for $3,595.25 in attorneys' fees Mr. Wright incurred as a result of poor case strategy (Dkt. No. 43, at 7). Mr. Wright asserts that venue in this case was complicated because of the location of Tyler's headquarters in Plano, Texas, Tyler's other offices including in Atlanta, Georgia, Mr. Wright's place of work in Little Rock and Fayetteville, Arkansas, and the location of potential witnesses (Dkt. No. 44, at 5). Mr. Wright concedes, however, that "[a]fter determining that he likely could not [successfully oppose the requested transfer], Plaintiff elected not to waste the Court's time and did not oppose transfer." (*Id*., at 6). Mr. Wright contends that the work spent performing factual and legal research was not unreasonable and is compensable (*Id*.).

Considering that Mr. Wright's counsel agreed to a transfer of venue and acknowledged ultimately that a challenge to the transfer would likely have been unsuccessful, the Court determines that the amount of time spent on the venue issue, as reflected on their fee petition, is unreasonable. The Court will reduce the fee award accordingly and does so in a manner consistent with its reasoning in this Order.

### D. Vague Time Entries

Tyler complains that many of Mr. Wright's counsels' time entries are vague or insufficiently documented. While Mr. Wright's fee application is hardly a model of clarity, Mr. Wright has submitted adequate documentation from which the Court may determine the amount of his reasonable attorneys' fees and costs.

### E. Time Spent On Research And Discovery

Tyler contends that Mr. Herrington unnecessarily spent 1.6 hours researching the computer professional exemption, when he knew, because of his experience representing a plaintiff in a similar case, that Tyler's defense would rely on the administrative exemption (Dkt. No. 43, at 9). Further, Tyler claims that Mr. Herrington unnecessarily spent 2.3 hours preparing written discovery to defendants , when "the discovery served was almost identical to the discovery served in *Greene*," a similar case handled by Mr. Herrington against Tyler (*Id.*). Mr. Wright counters that there was "significant risk" that Tyler would revive its computer exemption defense and claims that counsel performed necessary due diligence to ensure that there was no risk of this defense. As to discovery, Mr. Herrington states that the discovery requests he drafted were unique to Mr. Wright's case (Dkt. No. 44, at 7-8).

Given the nature of this case and the billing records submitted for the Court's review, the Court determines that at least a portion of the research and discovery time appears to have been unnecessary. The discovery requests appear to be largely duplicative of the requests served in the *Greene* case. Accordingly, the Court will reduce the fee award accordingly and does so in a manner consistent with its reasoning in this Order.

### F. Fees Incurred After The Offer Of Judgment

The Court also will eliminate all fees incurred by local counsel after service of Tyler's Rule 68 offer of judgment, as the parties agree these fees cannot be recovered (Dkt. No. 44, at 8). As a result, the Court reduces the fee award by $480.00.

### G. Proportionality

Tyler claims that this is a "single-plaintiff wage and hour lawsuit that resolved before the completion of discovery" and that "[t]he only briefing in the case was an initial motion by

10

Defendant challenging venue, which Plaintiff ultimately elected not to contest." (Dkt. No. 43, at 1). Tyler claims that Mr. Wright's recovery of $4,500.00 does not justify the fees requested (Dkt. No. 43, at 10). However, this Court rejects a "rule of proportionality" in wage-and-hour cases because tying the attorneys' fees to the amount awarded would make it difficult, if not impossible, for individuals with meritorious wage-and-hour claims but relatively small potential damages to attract effective legal representation. *See Simpson v. Merchs. & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006) (rejecting a rule of proportionality in civil-rights cases); *Jackson v. Crews*, 873 F.2d 1105, 1109 (8th Cir. 1989) (same).

### H. Summary Of Fees Awarded

As set forth above, the Court determines that, given the nature of this case and the billing records submitted for the Court's review, Mr. Wright has not come forward with support for awarding all of the fees requested. Consistent with this Order, the Court reduces the fee award to Mr. Wright as follows:

| | |
|---|---|
| **Total Fees Requested** | $19,372.00 |
| **Reduction for non-lawyer or paralegal, and unknown timekeepers** | -$360.00 |
| **Reduction for fees incurred after service of Rule 68 offer of judgment** | -$480.00 |
| | $18,532.00 |
| **Reduction of 25% in hourly rates** | -$4,633.00 |
| | $13,899.00 |
| **Reduction of 25% for duplicative review of correspondence, venue, discovery, etc.** | -$3,474.00 |
| **Total Fees Awarded** | $10,425.00 |

### IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part plaintiff's motion for attorneys' fees and costs (Dkt. No. 42) and approves attorneys' fees in the amount of $10,425.00 and $523.00 in costs, for a total fee award of $10,948.00.

It is so ordered this 17th day of September, 2021.

_____
Kristine G. Baker
United States District Judge